IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,          )
                                   )
                    Plaintiff,     )          Criminal No.  14-3609 JB
                                   )
          vs.                      )
                                   )
**BENTLEY A. STREETT,**            )
                                   )
                    Defendant.     )

### JOINT MOTION TO CONTINUE TRIAL

The parties jointly move this Court to continue the trial in this case as stated in the parties' Proposed Scheduling Order # 2, and as grounds, the undersigned submits:

1.      On October 3, 2014, Bentley A. Streett, the defendant, was arrested on a complaint for coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b), transfer of obscene material to a minor, in violation of 18 U.S.C. § 1470, and attempted production of a visual depiction of a minor engaging in sexually explicit conduct, in violation of 18 U.S.C. §2251(e).  *See* Doc. 1.

2.      The defendant was set for his initial appearance the same day. Docs. 2-4. At the preliminary and detention hearing on October 6, 2014, the defendant waived the preliminary hearing and argued detention.  The Honorable Magistrate Judge Karen B. Molzen detained the defendant at that time.  Docs. 6-8.

3.      On October 21, 2014, a federal grand jury returned a four count indictment charging the defendant with two counts of coercion and enticement, in violation of 18 U.S.C. § 2422(b), as well as two counts of transfer of obscene material to minors, in violation of 18

U.S.C. § 1470. Doc. 12.  The defendant was arraigned on that indictment on October 30, 2014.

Docs. 13-14.

   4.  On February 25, 2015, the same grand jury returned a nine count superseding

indictment, charging the defendant with two counts of traveling to engage in illicit sexual

contact, in violation of 18 U.S.C. § 2423(b); four counts of attempted production of a visual

depiction of a minor engaging in sexually explicit conduct, in violation of 18 U.S.C. §§

2251(a),(e), and 2256; and three counts of transfer of obscene material to minors, in violation of

18 U.S.C. § 1470. Doc. 22. The defendant was arraigned on the superseding indictment on

March 6, 2015. Doc. 23.

   5.  On March 18, 2015, this Court filed an order that this case qualified for a complex

case status. Docs. 24-25.  In that order, this Court found that the large number of documents in

this case, together with the nature of the prosecution, renders this case so unusual or so complex

that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself

within the time limits established by the Speedy Trial Act.  *See* 18 U.S.C. § 3161(h)(7)(B)(ii).

*See* Doc. 25. On May 31, 2015, this Court then granted the parties Proposed Scheduling

Order # 1. Doc. 26.

   6.  The discovery in this case includes images of child pornography and erotica that

was on multiple devices in the defendant's possession as well as in the minor victims'

possession.  Defense counsel and the government met to review the images that were sent to and

received from the victims via electronic communications in this case as well as what was located

on the defendant's computer.  After reviewing the images, defense counsel took the time to

describe to the defendant what was viewed and determine whether to obtain their own forensics

expert.  The defendant also wanted to view contraband images in this case, so the government set

up time for the defendant and defense counsel to view the contraband images that were located on multiple devices together.

7.      The discovery in the case also includes thousands of electronic communications between the defendant, the minor victims, and other witnesses in this case from multiple devices. Defense counsel has been going through all of the discovery with the defendant as well. Defense counsel has also done subpoenas to cellular phone providers in the attempt to obtain the content of some messages. The government is waiting to receive the results of those subpoenas.

8.      The discovery in the case also includes a significant amount of financial and business records, which have either been disclosed to and/or been made available for defense counsel to review.

9.      The government and defense counsel have been engaged in intense plea negotiations for the last six months with the goal to be able to resolve this case.  With the belief that this case may be resolved, plea negotiations were extended several times in an effort to reduce or eliminate litigation and a potential trial.

10.     Throughout the time period for plea negotiations, the defendant and defense counsel were made aware that several more victims were identified during the ongoing investigation of this case. A majority of the discovery surrounding these victims has been disclosed to date.  Evidence will continue to be disclosed based on the investigation.

11.     None of the victims in this case reside in the state of New Mexico. One of the victim's from a currently charged count resides in Canada.  Therefore, for trial, the government will have to coordinate the travel of multiple minor victims to Albuquerque, NM, from around

the country as well as from Canada. The government also needs to confer with each victim pursuant to the Crime Victims' Right Act[1] about the status of this case.

12.     This type of investigation has involved multiple Federal Bureau of Investigation (FBI) offices around the country and in Canada, the Bernalillo County Sheriff's Office (BCSO), the Toronto Police Service (TPS), as well as the New Mexico Regional Computer Forensics Laboratory (NMRCFL).  The government anticipates calling witnesses from each of these agencies.  This will require coordinating travel and adequate face-time prep for each of these witnesses, most of whom are out of the state and even the country.

13.     Defense counsel additionally needs more time to adequately to prepare for trial due to the large amount of evidence that would be presented at trial.

14.     Due to the type of evidence in this case, the parties also expect multiple motions *in limine* and pretrial motions with corresponding hearings prior to trial.  Therefore the parties will need time to file the appropriate motions, including motions *in limine*, and to prepare jury instructions, and prepare witnesses.

15.     The defendant, through defense counsel, Frederick D. Jones, Jr., joins this motion and does not oppose a continuance of trial as stated in the amended scheduling order.

16.     The continuance sought by the parties is proper under the Speedy Trial Act. Pursuant to 18 U.S.C. §3161(h)(7)(A), this request for a continuance is in the best interest of justice and outweighs the best interest of the defendant and the public in a speedy trial. *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009).  Pursuant to 18 U.S.C. §3161(h)(7)(B)(iv), a continuance will allow for the continuity of counsel and will allow counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  The continuance will also allow the parties the necessary time to confer and to prepare and transport

---

[1] 18 U.S.C. § 3771

the necessary witnesses for a jury trial. The parties request that the Court find pursuant to 18

U.S.C. § 3161(h)(7)(A), that, if the Court grants this motion, all the time from the date of the

order granting the continuance to the new jury trial setting be excluded for the purposes of the

Speedy Trial Act.

      WHEREFORE, the parties respectfully request that this Court grant this motion to

continue the trial as stated in the parties' Proposed Scheduling Order # 2.

                        Respectfully submitted,

                        DAMON P. MARTINEZ
                        United States Attorney

                        *Electronically filed*_____
                        SHAMMARA H. HENDERSON
                        Assistant U.S. Attorney
                        P.O. Box 607
                        Albuquerque, NM 87103
                        (505) 346-7274

I HEREBY CERTIFY that I filed the foregoing pleading electronically through the CM/ECF system which caused counsel for defendant to be served by electronic means, as reflected on the Notice of Electronic Filing, and other methods of service as indicated therein.

_____/s/_____

SHAMMARA H. HENDERSON
Assistant U.S. Attorney