IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 15-3609 JB |
| ) | |
| **BENTLEY STREETT**, ) | |
| ) | |
| Defendant. ) | |

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

NOV 16 2015

MATTHEW J. DYKMAN
CLERK

## PROPOSED SCHEDULING ORDER NO. 2

On March 13, 2015, the United States filed an unopposed motion requesting complex case status for speedy trial purposes and to set aside the standard discovery order(s) and to schedule a conference to establish an alternative discovery and motion schedule for this case. Doc. 24. On March 18, 2015, the Court entered an Order declaring the case complex, and ordered the parties to meet and confer to craft a Stipulated Scheduling Order. Doc. 25. On November 13, 2015, the parties filed a motion to continue requesting a second scheduling order. Doc. 30. The United States hereby submits this proposed scheduling order from the parties reflecting their agreement.

Assistant United States Attorney Shammara H. Henderson represents the United States.

The Court is advised that the defendant charged in the indictment in this case has been arrested, appeared in court, and has retained counsel, Frederick Jones.

The parties report that they have been able to reach agreement on a number of issues. First, with respect to the substance of discovery, the government will make copies for the defendant of disks containing redacted and sanitized reports, downloads of the defendants

1

cellphones, mirror images of defendant's computer, as well as a financial records and business records[1], on May 4, 2015. The government will make available for inspection and copying all physical objects and additional documents by April 20, 2015. The government has also made the following representations to the Court and to defense counsel:

    a.    The government will provide all statements of the defendant described in Fed. R. Crim. P. 16(a)(1)(A) and (B) that it has in its possession to date. If the government learns of any other statements covered by Rule 16(a)(1)(A) or (B), it will produce them as soon as practicable.

    b.    The government will produce the defendant's prior record that it has in its possession to date. If the government comes into possession of any other criminal history reports covered by Rule 16(a)(1)(D), it will produce them as soon as practicable.

    c.    The government will make available for inspection and copying all documents and tangible objects described in Rule 16(a)(1)(E) that it has in its possession to date. If the government comes into possession of any other documents or tangible objects covered by Rule 16(a)(1)(E), it will make them available as soon as practicable.

    d.    The government will produce all reports of results of examinations or tests that it has in its possession to date. If the government comes into possession of any other reports covered by Rule 16(a)(1)(F), it will produce them as soon as practicable.

    e.    The government will produce all material now believed to be exculpatory. If the government learns of any other exculpatory evidence, it will produce that at a time to be determined by the Court.

---

[1] Due to pending motion to compel for requested GJ documents this is an estimated date.

f. The government anticipates that its production of pretrial discovery materials, with the possible exception of final reports of results of examinations and tests, should be essentially complete by June 1, 2015.

The parties have agreed that the defendant should have approximately sixty days from the date the government's discovery is essentially complete in which to file any discovery motions and to produce reciprocal discovery as provided by Rule 16(b)(1). Based on the government's representations as set forth above, defense discovery motions and reciprocal discovery would be due on or about November 13, 2015. The parties have agreed that the government should have thirty days in which to respond to discovery motions, or until on or about November 30, 2015.

The parties have further agreed that the defendant should have fifteen days to reply to the government's response to discovery motions, or until on or about December 15, 2015.

The parties have further agreed that the deadline for filing all other motions should be on or about January 14, 2016, with responses to such motions due on or about January 29, 2016, and replies due on or about February 4, 2016, subject to possible ten-day extensions as a result of joinder motions as described in the following paragraph.

The parties have further agreed that the case should be set for trial on the Court's docket approximately 60 days after the completion of motions practice, which would be on the Court's April 2016 docket. The parties agree to the following trial deadlines:

    a. Rule 404(b) motions and *Daubert* motions - 21 days before ~~the call of the calendar~~ trial.

      b. Motions in *Limine*, change of pleas, Exhibit Lists, Witness Lists - 14 days before ~~the call of the calendar~~ trial.

      c. Responses to motions in limine, objections to exhibits, exhibit binders to chambers - 7 days before ~~the call of the calendar~~ trial.

      d. Proposed Jury Instructions, Proposed Voir Dire - 5 days before the call of the calendar.

The ~~majority of the~~ parties have further agreed that other pretrial issues should be raised and discussed as appropriate at future conferences to be scheduled by the Court. Such issues may include scheduling of discovery of witness statements, expert discovery, and *Brady* and *Giglio* material.

Finally, the ~~majority of the~~ parties agree that due to the complex nature of this matter, appointed counsel shall be permitted to submit billing on an interim basis.

The Court having considered the parties' representations and proposals, and finding the proposals to be well taken,

THE COURT HEREBY FINDS THAT, given the complexity of this case, the nature of the charges, and the number of parties involved, there is good cause to set aside the Court's standard discovery and motion schedule order, and establish an alternative discovery and motion schedule as agreed upon by the parties; and

THE COURT FURTHER FINDS THAT, given the complexity of the case, there is good cause for an exclusion, for the purposes of the Speedy Trial Act computation pursuant to 18 U.S.C. § 3161(h)(8)(B)(ii), of the time between the date of filing of the government's motion and the date on which a future conference may be held to address other pretrial issues, or, if no

conferences are held, then the date the last-filed motion is resolved by the Court, and that the ends of justice that would be served by granting the exclusion of time outweigh the best interest of the public and the defendants in a speedy trial. The Court further finds that given the complex nature of this matter, appointed counsel should be permitted to submit billing on an interim basis.

IT IS THEREFORE ORDERED:

1. That the Court's standard discovery and motion schedule order is set aside in this case.

2. That the government shall continue to provide any remaining Rule 16 discovery as soon as practicable after such materials come into the government's possession.

3. That, subject to any issues that might arise from discovery provided by the government after May 4, 2015, defendants shall file discovery motions and shall produce any reciprocal discovery as provided by Rule 16(b)(1) by November 13, 2015.

5. That the deadline for the government's response to discovery motions is November 30, 2015.

6. That the deadline for the defendants' replies to the government's response to discovery motions is December 15, 2015.

7. That the deadline for filing all other motions is January 14, 2016.

8. That the deadline for filing responses to such motions is January 29, 2016, subject to automatic ten-day extensions if joinder motions are filed as provided below.

9. That the deadline for filing replies to responses to such motions February 4, 2016, subject to automatic ten-day extensions if joinder motions are filed as provided below.

10.     That counsel's obligation under local rules of court to confer before filing motions shall apply to discovery motions as well as to all other motions in this case.

11.     That within ten days of the filing of a motion by any defendant, any other defendant may file a notice of joinder in the motion, including in the notice of joinder any factual or legal argument that is specific to the joining defendant and specifying the relief sought by the joining defendant. The government may file one omnibus response to motions that have been joined by other defendants.

12.     That other pretrial issues not covered in this Order shall be raised and discussed as appropriate at future conferences that may be scheduled by the Court.

13.     That the case is set for trial ~~on the Court's~~ April 11, 2016 ~~docket~~ @ 9:00 a.m. (trailing docket).

    a.     Rule 404(b) motions and *Daubert* motions - 21 days before ~~the call of the calendar~~ trial.

    b.     Motions in *Limine*, change of pleas, Exhibit Lists, Witness Lists - 14 days before ~~the call of the calendar~~ trial.

    c.     Responses to Motions in *Limine*, objections to exhibits, exhibit binders to chambers - 7 days before ~~the call of the calendar~~ trial.

    d.     Proposed Jury Instructions, Proposed Voir Dire - 5 days before ~~the call of the calendar~~ trial.

14.     That the time between March 18, 2015, and the date on which a future conference may be held to address other pretrial issues or, if no conferences are held, then the date the last-filed motion is resolved by the Court, shall be excluded for the purposes of the Speedy Trial Act computation pursuant to 18 U.S.C. § 3161(h)(8)(B)(ii), based on the Court's findings that the

ends of justice served by granting the exclusion of time outweigh the best interest of the public and the defendant in a speedy trial.

15. That counsel appointed to representation in this case shall be permitted to submit billing on an interim basis.

DATED: Nov. 16, 2015.

_____
JAMES O. BROWNING
UNITED STATES DISTRICT JUDGE

Submitted by:

Shammara H. Henderson
Assistant United States Attorney

Approved by:

Defense Counsel Frederick Jones