IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Case No.   14-3609 JB |
| | ) | |
| vs. | ) | |
| | ) | |
| BENTLEY STREETT, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' MOTION TO STRIKE DEFENDANT'S PRO SE FILING

The United States has received Defendant Bentley Streett's ("Defendant") Notice: Claim(s) The Real Law; trespass [forgery] i, require: a 'court of record'; 'trial by jury;' (Doc. 48) and, without reaching the merits of Defendant's notice, hereby files the instant motion to strike Defendant's *pro se* filing.[1]

### A. Defendant's *pro se* notice should be struck because Defendant is represented by counsel.

Defendant has at all times in the course of this case been represented by appointed counsel.   Further, to the United States' knowledge, Defendant has never requested to act as his own attorney.   Because Defendant is represented by counsel, he has no right to file pleadings *pro se*.   *See United States v. Hildreth*, 485 F.3d 1120, 1125 (10th Cir. 2007) (declining to accept supplemental brief filed *pro se* by defendant who was represented by counsel); *see also United States v. Gwiazdzinski*, 141 F.3d 784, 788 (7th Cir. 1998).   The Sixth Amendment does not provide a right to hybrid representation.   *United States v. McKinley*, 58 F.3d 1475, 1480 (10th Cir. 1995).   Further, 28 U.S.C. § 1654 provides that "in all courts of the United States the

---

[1] Defendant's attorney, Robert Cooper, takes no position on the government's Motion to Strike.

parties may plead and conduct their own cases personally or by counsel." Courts have consistently interpreted this rule in the disjunctive. *United States v. Gigax*, 605 F.2d 507, 517 (10th Cir. 1979) (abrogated in part on unrelated grounds by *United States v. Olano*, 507 U.S. 725 (1993)). Further, deciding Defendant's *pro se* notice on its merits could result in incomplete or inaccurate addressing of issues necessary for later appellate and post-conviction relief, resulting in possible forfeiture of legal claims. Thus, the Court's consideration of Defendant's notice, drafted without the aid of counsel, could, and most likely would, ultimately redound to Defendant's detriment.

For the foregoing reasons, the United States respectfully requests that the Court strike Notice: Claim(s) The Real Law; trespass [forgery] i, require: a 'court of record'; 'trial by jury;' (Doc. 48) from the record.

The United States therefore respectfully requests that Defendant's Notice be struck on this alternative ground.

Respectfully Submitted,

DAMON P. MARTINEZ
United States Attorney

*Electronically Filed 8/23/2016*
SHAMMARA H. HENDERSON
Assistant United States Attorneys
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7274

I HEREBY CERTIFY that a copy of
this document was filed electronically
through the Court's CM/ECF system,
which is designed to serve copies of

this document to counsel of record.

/s/
SHAMARA H. HENDERSON
Assistant United States Attorney