IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

16 SEP -7 AM 9: 27

CLERK-ALBUQUERQUE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff, | ) | Criminal Case No. 14-3609 JB |
| | ) | |
| VS. | ) | |
| BENTLEY STREETT, | ) | |
| Defendant. | ) | |

### RESPONSE TO U.S. MOTION TO STRIKE DEFENDANT'S PRO SE FILING

COMES NOW, Bentley Streett, A Man, Pro se (Counsel of record Robert R. Cooper), to respond to "THE UNITED STATES' MOTION TO STRIKE DEFENDANT'S PRO SE FILING," (Doc. 53). The United States refuses to reach the merits of my notice, and attempts to prevent the court from considering for itself, and entering its findings on, the merits of "Notice: Claim(s) The Real Law; trespass [forgery] i, require: a 'court of record' ; 'trial by jury' (Doc. 48). The United States feels that allowing the Court to consider and rule on the merits of my Notice may prevent it from continuing to cause harm to me by prosecuting CR 14-3609 JB. I hereby respectfully request, the Court DENY the United States' Motion to Strike.

**A.    The United States' Motion To Strike Defendant's *pro se* Filing should be DENIED because the United States failed to show case law supporting its position that a person (accused) cannot file a "Notice" Pro Se, because he has the "assistance of Counsel."**

1.) The United States' claim in its motion that "Defendant has at all times in the course of this case been represented by appointed Counsel" is COMPLETELY false, and is an attempt in bad faith (*Behaviour*) to mislead the Court. Robert R. Cooper was appointed to this matter by this Court on February 5, 2016. *See* CJA Appointment (Doc. 38). Prior to February 5, 2016, the United States (and the Court) are both aware i was represented by a privately hired attorney, F. Jones Jr. He was previously convicted of illicit use and or

1

possession of drugs (cocaine).  i was not aware of [t]his conviction prior to retaining him, and this fact may have affected the quality his representation (*defense*) of me from October 3, 2014 through February 4, 2016.

2.)  i did not file a "Pleading" or "Supplemental Brief" (as in *U.S. v. Hildreth*) that would have required the Court or a jury to consider or find any matter of Law or Fact of CR 14-3609 JB, so neither *U.S. v. Hildreth* or *U.S. v. Gwiazdinski would* apply here.  Further, the United States points out in its motion "Defendant's attorney, Robert Cooper, takes no position on the government's Motion to Strike".  Since Mr. Cooper refused (or declined) to 'take a position' on the government's Motion to Strike, i am left with no choice but to DEFEND (*NOT represent*) myself against their motion and respond to the motion with or without "the assistance of Counsel."  *See Sixth Amendment.*

3.)  The Government's claim that "The Sixth Amendment does not provide a right to hybrid representation," is also FALSE.  Though it does not use the actual word "hybrid," it *does* provide *EXACTLY* that.  *"…the accused shall enjoy the right…to have the assistance of Counsel for his defense". See Sixth Amendment.*  By definition, *"Assistance"* is *"the act of assisting, or the help given; aid."  See Webster's New College Dictionary Copyright, 2005.*  To more closely test The Sixth Amendment, you would have to ask "to *whom* is Counsel's *assistance* being *given*, if not the *accused?*" The answer is "no one".  There is also *NO* language in The Sixth Amendment that in any way makes *"Counsel"* and *"Accused"* mutually exclusive **for any purpose** including for defense of the accused, and certainly **none that expressly prohibits** the accused from taking part in his own defense in any circumstance or capacity, be it filing pleadings, motions or briefs, or questioning of witnesses.  Therefore*, U.S. v. McKinley* does not apply here.  Further, 28 U.S.C ss1654 is in direct conflict with The Sixth Amendment, and is therefore UNCONSTITUTIONAL.  *"All laws, rules and practices which are repugnant to the Constitution are null and void."  See Marbury v. Madison,* 5th US (2 Cranch) 137, 174, 176, (1803).  The Court is well aware that *Marbury v. Madison* has never been overturned, making any *"disjunctive"* interpretations of 28 U.S.C. ss1654 *"null and void,"* therefore *U.S. v. Gigax* and *U.S. v. Olano* [in any part(s)] do not apply here.

4.) When i asked Mr. Cooper to file a motion for me (related to **PROPOSED SCHEDULING ORDER No.3** [Doc. 45] he said, "You can file that motion." i do not believe he would instruct me to act in a way – before the court, no less – that would be contrary to the law, or rules and practices of the court, as doing so could, and most likely would, jeopardize his law license.  Therefore, by Mr. Cooper actually 'taking a position' on me filing a "motion" to the Court (*pro se*, or otherwise) directly proves (by action) that he agrees with my position against the government in this response.  This also weakens the government's position further when one of *"The top 5 attorneys in the state"* (-Johnn S.L. Osborn, Attorney at Law, Robert R. Cooper Law Firm, P.C., as stated of Mr. Cooper's 'credentials' to me by Mr. Osborn in an attorney / client meeting on 8/25/16) who has 35 years of experience, supports me, in direct conflict to the legal position of the government.  By Mr. Cooper's decisions to 'take a position' on some motions, and "take[s] no position" on others, he seems to be granting me implied consent to respond to this (and any other motions), directly to the Court.

5.) The government's claim that "...deciding the Defendant's *pro se* notice on its merits could result in incomplete or inaccurate addressing  of issues necessary for later appellate and post-conviction relief, resulting in possible forfeiture of legal claims.  Thus, the Court's consideration of Defendant's notice, drafted without the aid of Counsel, could, and most likely would, ultimately redound to Defendant's detriment" is a thinly veiled attempt by the government to persuade the Court that it is bringing this motion in some way to *protect* or *preserve* some "post-conviction relief."  (Notice, the government implies "conviction" as if it were a foregone conclusion.)  This statement also suggests that the government feels the Court is not competent enough to decide on my Notice, and that due to this perceived incompetence by the Court, i may lose or be deprived of these un-specified "legal claims" or "relief."

6.) i reject the government's less-than-genuine concern for my rights, especially when the ends only serve the government's purpose in having the Court grant its motion.  I humbly ask the Court not to be fooled, or taken in by the government's false 'concern.'  The Government has provided no case law to show that it is permissible under law to

*selectively act* to preserve a person's rights only when it is *mutually beneficial* (or *more beneficial to the government,*) to do so.

       7.)  When filing my Notice to the Court, i was acting as a representative of, and a prosecutor in The Streett Court to simply require a transfer of Jurisdiction to The Streett Court for my claim, *pro se*. i have not, to my knowledge, been granted my request at the time i prepare this response.  As long as CR 14-3609 JB has not been transferred to The Streett Court, i am still represented by Counsel of record for all matters of Law and Fact in CR 14-3609 JB.  For all of the foregoing reasons, i respectfully request that the Court DENY the "United States' Motion to Strike Defendant's Pro Se Filing."

Respectfully submitted _Bentley Streett_

Bentley Streett, A Man

"non-negotiable autograph, all rights reserved."



OFFICIAL SEAL
ANTHONY S. VALDO
Notary Public
State of New Mexico
My Comm. Expires 06/27/18

C/O SFCADF
28 Camino Justicia
Santa Fe,  New Mexico 87508

CERTIFICATE OF SERVICE

I hereby certify that a copy
Of the foregoing was delivered
To all parties concerned on
this 2 Day of Sept 2016.

4

Respectfully Submitted _____

CERTIFICATE OF SERVICE
I hereby certify that a copy
Of the fore going was delivered
to all parties concerned
On this _2_ day of _Sept._ 2016.