IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

18 OCT 30 PM 1:40

CLERK-ALBUQUERQUE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BENTLEY STREETT,

    Defendant.

No. CR 14-3609 JB

## Stipulated Protective Order

This Stipulated Protective Order is entered between the Defendant Bentley Streett and the non-party New Mexico Second Judicial District Court ("SJDC"), by and through their counsel, with respect to the above-captioned action. The United States of America, by Assistant United States Attorney Sarah Mease in her email October 25, 2018 at 1:07 p.m., takes no position in this matter.

In this Stipulated Protective Order, the United States of America and Defendant are collectively referred to as the "Parties," i.e. the parties to this action. Defendant and SJDC are collectively referred to herein as the "Signatories," i.e. the signatories to this Stipulated Protective Order.

**Preliminary Facts**

1. On October 12, 2018, SJDC received a subpoena issued by the clerk of the court for the United States District Court for the District of New Mexico at the request of Defendant's counsel. The subpoena calls for SJDC to produce "[t]ranscript of hearing, exhibits, pleadings, file, and/or any other documents from Grand Jury session GJ-2013-04 relating

to the Grand Jury case and/or subpoena duces tecum for the Investigation of telephone number (505) 974-9704."

2. The Signatories have agreed to the issuance of this Stipulated Protective Order, and good cause exists to grant this Stipulated Protective Order because SJDC has been asked to produce documents during the course of this action that contain confidential information that is protected by law.

3. As one ground of his motion to suppress, the Defendant has asserted that the Grand Jury subpoena issued November 4, 2013 may have been issued in violation of state and federal due process. Therefore, in Defendant's view "the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979) (fn. 12 omitted).

4. In order to limit disclosure and prevent the misuse of confidential information for any purpose other than within the above-captioned action, *United States of America v. Streett*, 1:14-cr-3609 (the "Action"), the Signatories hereby stipulate to the following terms of a protective order governing the handling, disclosure and retention of confidential information provided by SJDC to Defendant:

**Agreement and Protective Order**

1. The Signatories agree, and the Court hereby orders, that SJDC may designate as "CONFIDENTIAL" any document(s) that it reasonably believes contains confidential information prior to the production of such documents to counsel for Defendant. As used in this Stipulated Protective Order, the term "documents" includes records maintained by

SJDC in any format, including written records and audio recordings. As used herein, designating any document(s) as "CONFIDENTIAL" shall mean that SJDC reasonably believes the document(s) or any portion thereof contains non-public sensitive information, including, but not limited to, documents and/or information contained within documents treated as confidential under New Mexico statutes, administrative provisions, or New Mexico Supreme Court rules.

2. "CONFIDENTIAL" documents, reproductions of those documents or other documents that are created during this action that contain information taken from the documents designated as 'CONFIDENTIAL," shall be referred to herein as "Confidential Material."

3. All documents designated as "CONFIDENTIAL" shall not be disclosed by any person or entity to anyone other than those persons or entities designated herein as having access thereto, and shall not be used for any purpose other than in connection with this Action, except by order of this Court.

4. Disclosure of documents designated by SJDC as "CONFIDENTIAL" shall be limited to the following entities and individuals, unless otherwise ordered by the Court or permitted in writing by SJDC:

   a. SJDC, its staff, counsel, and any judge(s) presiding over this Action and his or her staff, in accordance with the terms of this Stipulated Protective Order;

   b. Counsel for Defendant, and any employees who have been designated by counsel for Defendant as directly involved in the defense of this Action;

   c. If Defendant intends to use the Confidential documents at trial, and provides the documents through reciprocal discovery, then counsel for the United States, and any

employees who have been designated by counsel for the United States as directly involved in the prosecution of this Action; and,

    d. Any expert or consultant retained by the Parties to assist in the preparation of this case, or to testify at trial or any other proceeding in the Action.

5. To be accorded protection under this Stipulated Protective Order, a document given, produced or disclosed in connection with this action, including designated pages of deposition transcripts, must include the term "CONFIDENTIAL" on each page of any such written document, or in the case of audio materials, must include the term "CONFIDENTIAL" on the tangible medium (e.g. CD, flash drive) produced.

6. If a Party objects to the designation or continued treatment of certain information as "CONFIDENTIAL" by SJDC, it shall so notify counsel for SJDC, and SJDC and the Parties shall then confer in good faith in an attempt to resolve the dispute. Following such consultation, if SJDC and the Parties are unable to agree on whether the information is appropriately designated, the objecting Party may move for an order requiring redesignation of the information in dispute and that Party will carry the burden of establishing that the "CONFIDENTIAL" designation should be lifted. Unless and until such an order is obtained, the original designation by SJDC shall stand.

7. Unless otherwise permitted in writing by SJDC, when filing any discovery material, or any papers containing any information pertaining to Confidential Material, designed by the producing Party as 'CONFIDENTIAL," the Parties shall file such Confidential Material or paper with the appropriate access restriction level for the document being filed. The Clerk of the Court shall maintain under seal all documents and transcripts of depositions or

hearing testimony filed in this litigation that have been so designated, unless otherwise ordered by the Court.

8. Information designated as "CONFIDENTIAL" shall be retained by counsel while this action is pending, subject to the disclosure limitations contained in Paragraphs 3 and 4 of the Stipulated Protective Order. In addition, independent experts or consultants retained by the Parties and other persons designated by agreement of Counsel may obtain custody of any "CONFIDENTIAL" information while the Action is pending, but must return said "CONFIDENTIAL" information to counsel promptly thereafter. Any person coming into possession, custody or control of information designated as "CONFIDENTIAL" shall have the obligation to maintain the confidentiality of the "CONFIDENTIAL" information. This Stipulated Protective Order shall remain in effect following the closure of this action; notwithstanding such closure, the Court will retain jurisdiction to resolve any dispute arising hereunder or in connection herewith.

9. In the event anyone violates or threatens to violate any terms of this Stipulated Protective Order, the Signatories agree that the aggrieved party shall be entitled to apply to the Court to obtain a remedy or relief, including, but not limited to, injunctive relief against any such person or entity for any violation or threatened violation of any of the terms of this Stipulated Protective Order. The Court shall retain jurisdiction over this Stipulated Protective Order documents produced thereunder for the purpose of enforcing this Stipulated Protective Order. The prevailing party shall be entitled to an award of fees and costs incurred in connection with an application under this paragraph.

10. Unless otherwise ordered by the Court or agreed in writing by SJDC, within sixty (60) days after the final termination of the action (including any appeals), each receiving Party must

either (1) return all Confidential Material to SJDC, (2) destroy all such Confidential Material or (3) maintain such Confidential Material in a sealed folder conspicuously marked "CONFIDENTIAL MATERIAL" and securely maintained. As used in this section, "all Confidential Material" includes all copies, abstracts, compilations, summaries, electronically stored information or any other form of reproducing or capturing any of the Confidential Material.

11. Any Confidential Material retained by a Party after the final termination of this action remains subject to this Stipulated Protective Order.

12. Nothing herein shall be construed to affect in any way the evidentiary admissibility of any document, testimony or other matter at any proceeding related to this matter. The designation of certain information as "CONFIDENTIAL" pursuant to this Stipulated Protective Order shall not, for that reason alone, bar its introduction or use in this action; however, every effort shall be made to preserve the confidentiality of Confidential Material.

13. Nothing stated herein shall preclude any Signatory or Party from applying to the Court for any modification of the terms provided herein, as it may deem appropriate under the circumstances, provided, however, that prior to such application, the Signatories/Parties involved shall make a good faith effort to resolve the matter by agreement. SJDC must be given prior written notice of any application to modify this Stipulated Protective Order.

14. If a Party in possession of Confidential Material receives a subpoena or other compulsory process from any person or entity not a Signatory to this Stipulated Protective Order, seeking production or other disclosure of such Confidential Material, then that Party shall give written notice to SJDC's counsel within five (5) business days after receipt of the

subpoena or other compulsory process identifying the Confidential Material sought and enclosing a copy of the subpoena or other compulsory process. If SJDC timely seeks a protective order, then the Party to which the subpoena or other compulsory process was issued or served shall not produce the Confidential Material called for prior to receiving a court order or the consent of SJDC. In the event that such discovery material containing Confidential Material is produced to the requesting person or entity, such material shall still be treated as Confidential Material by the parties to this Stipulated Protective Order.

15. The failure to designate a document as "CONFIDENTIAL" does not constitute a waiver of such claim, and SJDC may so designate a document after such document has been produced, with the effect that such document is subject to the protections of this Stipulated Protective Order as of the date of its designation as "CONFIDENTIAL."

_____
UNITED STATES DISTRICT COURT JUDGE

/s/ Harry Zimmerman
Harry Zimmerman
12231 Academy Rd NE, 301-315
Albuquerque, NM 87111
Telephone: (505) 293-6859
Facsimile: (866) 777-1126
Email: hzattorney@gmail.com

Attorney for Bentley Streett

HECTOR H. BALDERAS
New Mexico Attorney General
By: /s/ Ari Biernoff
Ari Biernoff
Assistant Attorney General
Post Office Drawer 1508
Santa Fe, NM 87504-1508
Telephone: (505) 490-4058
Facsimile: (505) 490-4881
Email: abiernoff@nmag.gov

Counsel for Non-Party
Second Judicial District Court