

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 14-3609 JB |
| | ) | |
| vs. | ) | |
| | ) | |
| BENTLEY STREETT, | ) | |
| | ) | |
| Defendant. | ) | |

## CONDITIONAL PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties notify the Court of the following

agreement between the United States Attorney for the District of New Mexico, the Defendant,

Bentley Streett, and the Defendant's counsel, Martin Lopez, III:

### REPRESENTATION BY COUNSEL

1.      The Defendant understands the Defendant's right to be represented by an attorney

and is so represented.   The Defendant has thoroughly reviewed all aspects of this case with the

Defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2.      The Defendant further understands the Defendant's rights:

    a.      to plead not guilty, or having already so pleaded, to persist in that plea;

    b.      to have a trial by jury; and

    c.      at a trial:

        i.      to confront and cross-examine adverse witnesses,

        ii.      to be protected from compelled self-incrimination,

iii.    to testify and present evidence on the Defendant's own behalf, and

iv.    to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.    The Defendant agrees to waive these rights and to plead guilty to the following charges contained in the second superseding indictment:

a.    Count 2: Travel to Engage in Illicit Sexual Conduct, in violation of 18 U.S.C. § 2423(b);

b.    Counts 3-4: Production of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2251(a);

c.    Counts 5-7: Attempted Production of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2251(a);

d.    Count 8: Distribution of Visual Depictions of Minors Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(2); and

e.    Count 11: Possession of Visual Depictions of Minors Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252A(a)(5)(B).

## SENTENCING

4.    The Defendant understands that the minimum and maximum penalty provided by law for this offense is:

a.    <u>Count 2</u>: imprisonment for a period of not more than 30 years;

b.    <u>Counts 3-7</u>: imprisonment for a period of not less than 15 years, and not more than 30 years, but, pursuant to 18 U.S.C. § 1591(e), if the defendant has a prior conviction under Chapter 110, 18 U.S.C. § 1591, Chapter 71,

Chapter 109A, or Chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children, the minimum and maximum penalty is imprisonment for a period of not less than 25 years and not more than 50 years;

c.     Count 8: imprisonment for a period of not less than 5 years and not more than 20 years, but, pursuant to 18 U.S.C. § 2252A(b)(1), if the Defendant has a prior conviction under Chapter 110, 18 U.S.C. § 1591, Chapter 71, Chapter 109A, or Chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children, the minimum and maximum penalty is imprisonment for a period of not less than 15 years and not more than 40 years;

d.     Count 11: imprisonment for a period of not more than 20 years, but, pursuant to 18 U.S.C. § 2252A(b)(2), if the Defendant has a prior conviction under Chapter 71, Chapter 109A, or Chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military

Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children, the minimum and maximum penalty is imprisonment for a period of not less than 10 years and not more than 20 years;

e.    a fine not to exceed the greater of $250,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

f.    a term of supervised release of not less than 5 years, up to lifetime supervision to follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

g.    a mandatory special penalty assessment of $100.00; and

h.    restitution as may be ordered by the Court.

5.    The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

## ELEMENTS OF THE OFFENSE

6.    If this matter proceeded to trial, the Defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for violations of the charges listed below:

4

Count 2: 18 U.S.C. § 2423(b), Travel to Engage in Illicit Sexual Conduct:

    *First*:    The defendant traveled in interstate commerce; and

    *Second*:    The defendant's purpose in traveling in interstate commerce was to engage in any illicit sexual conduct with another person (as defined in 18 U.S.C. § 2423(f)).

Counts 3-4: 18 U.S.C. § 2251(a), Production of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct:

    *First*:    The defendant employed, used, persuaded, induced, enticed or coerced the victim to take part in sexually explicit conduct (as defined in 18 U.S.C. § 2256(2)(A)); for the purpose of producing a visual depiction of such conduct;

    *Second*:    At the time, the victim was a minor; and

    *Third*:    Either:
(a) that the defendant knew or had reason to know that such visual depiction would be mailed or transported across state lines or in foreign commerce; or

(b) that the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce by any means; or

(c) that the visual depiction was mailed or actually transported across state lines or in foreign commerce.

Counts 5-7: 18 U.S.C. § 2251(a), Attempted Production of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct:

    *First*:    The defendant attempted to employ, use, persuade, induce, entice or coerce the victim to take part in sexually explicit conduct (as defined in 18 U.S.C. § 2256(2)(A)); for the purpose of producing a visual depiction of such conduct;

    *Second*:    At the time, the victim was a minor; and

    *Third*:    Either:
(a) that the defendant knew or had reason to know that such visual depiction would be mailed or transported across state lines or in foreign commerce; or

          (b) that the visual depiction would be produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce by any means; or

          (c) that the visual depiction would be mailed or actually transported across state lines or in foreign commerce.

**Count 8: 18 U.S.C. § 2252(a)(2), Distribution of Visual Depictions of Minors Engaged in Sexually Explicit Conduct:**

*First*:       The defendant knowingly distributed any child pornography (as defined in 18 U.S.C. § 2256(8));

*Second*:     That the child pornography had been either:
          (a) mailed; or
          (b) shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; or
          (c) shipped or transported using any means or facility of interstate or foreign commerce; and

*Third*:      That the production of such visual depictions involved a ~~prepubescent~~ minor engaging in sexually explicit conduct.

**Count 11: 18 U.S.C. § 2252A(a)(5)(B), Possession of Visual Depictions of Minors Engaged in Sexually Explicit Conduct:**

*First*:       The defendant knowingly possessed, or accessed with intent to view, materials that contained an image of child pornography (as defined in 18 U.S.C. § 2256(8));

*Second*:     That the child pornography had been either:
(a) mailed, shipped, or transported using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce by any means, including by computer; or

(b) produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer; and

*Third:*      That the production of such visual depiction involved a prepubescent minor engaging in sexually explicit conduct.

### DEFENDANT'S ADMISSION OF FACTS

7.       By my signature on this plea agreement, I am acknowledging that I am pleading

guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty.   I recognize

and accept responsibility for my criminal conduct.   Moreover, in pleading guilty, I acknowledge

that if I chose to go to trial instead of entering this plea, the United States could prove facts

sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a

reasonable doubt, including any facts alleged in the second superseding indictment that increase

the statutory minimum or maximum penalties.   I specifically admit the following facts related to

the charges against me, and declare under penalty of perjury that all of these facts are true and

correct:

> **Count 2: From on or about July 31, 2013, and continuing to on or about August 4, 2013, I, Bentley Streett, traveled from Albuquerque, New Mexico, to Sycamore, Illinois, for the purpose of engaging in illicit sexual conduct with A.O. (Jane Doe 1). Specifically, I flew on Southwest Airlines from Albuquerque to Sycamore, where I picked up A.O. and brought her to a hotel room I rented in Sycamore in my name. Once in the hotel room, I performed oral sex on A.O. and penetrated her vagina with my fingers.   I also had A.O. touch my penis with her hand.   I knew A.O. was 14 years old at the time of this offense.**

> **Count 3: For several days on or about November 13, 2013, in Bernalillo County, New Mexico, I, Bentley Streett, did knowingly persuade N.M. (John Doe) to engage is sexually explicit conduct for the purpose of producing a visual depiction that would be transmitted to me in interstate commerce. Specifically, I communicated with N.M. on Twitter, Skype, and text messaging.   I communicated with N.M. about sex and asked him to send me images of his penis after he masturbated. N.M. sent me sexually explicit images of his nude penis, which I saved on my yellow Nokia Lumia 920 cellular phone. I knew that N.M. was 14 at the time of this offense.**

> **Count 4: From on or about December 6, 2013, and continuing to on or about January 12, 2014, in Bernalillo County, New Mexico, I, Bentley Streett, did knowingly persuade M.S. (Jane Doe 4) to engage is sexually explicit conduct for the purpose of producing a visual depiction that would be transmitted to me in interstate commerce. Specifically, I communicated with M.S. on Twitter, Skype, Kik, and text messaging.   I communicated with M.S. about sex and asked her to send me nude images of herself.   M.S. sent me sexually explicit images of her**

genitals, which I saved on my Macintosh MacBook Pro laptop and yellow Nokia Lumia 920 cellular phone.   I knew that M.S. was 17 at the time of this offense.

Count 5: From on or about May 20, 2013, and continuing to on or about September 15, 2013, in Bernalillo County, New Mexico, I attempted to persuade A.O. to engage in sexually explicit conduct for the purpose of producing a visual depiction that would be transmitted to me in interstate commerce.   Specifically, I communicated with A.O. on both Twitter and through text messaging.   I communicated with A.O. about sex and asked for images of her genitals.   A.O. sent me non-explicit images of herself, which I saved onto my Macintosh MacBook Pro laptop.   I knew A.O. was 14 years old at the time of this offense.

Count 6: From on or about September 15, 2013, and continuing to on or about December 24, 2013, in Bernalillo County, New Mexico, I attempted to persuade J.S. (Jane Doe 2) to engage in sexually explicit conduct for the purpose of producing a visual depiction that would be transmitted to me in interstate commerce. Specifically, I communicated with J.S. on both Twitter and through text messaging. I communicated with J.S. about sex and asked for images of her genitals.   J.S. sent me non-explicit images of herself, which I saved onto my Macintosh MacBook Pro laptop.   I knew J.S. was 16 years old at the time of this offense.

Count 7: From on or about November 4, 2013, and continuing to on or about January 29, 2014, in Bernalillo County, New Mexico, I attempted to persuade M.J. (Jane Doe 3) to engage in sexually explicit conduct for the purpose of producing a visual depiction that would be transmitted to me in interstate commerce. Specifically, I communicated with M.J. on both Twitter and through text messaging. I communicated with M.J. about sex and asked for images of her genitals.   I sent M.J. sexually explicit images of another minor in an attempt to persuade her.   M.J. sent me non-explicit images of herself, which I saved onto my Macintosh MacBook Pro laptop and yellow Nokia Lumia 920 cellular phone.   I knew that M.J. was 15 at the time of this offense.

Count 8: On or about January 20, 2014, in Bernalillo County, New Mexico, I, Bentley Streett, did knowingly distribute visual depictions of minors engaged in sexually explicit conduct, which is child pornography.   Specifically, using my yellow Nokia Lumia 920 cellular phone, I knowingly sent two galleries of images depicting minors engaged in sexually explicit conduct to M.J.   One of the galleries of images I sent was titled "wp_ss_20140120_0002.png" and depicted at least one minor engaged in sexually explicit conduct.

Count 11: From on or about June 26, 2013, and continuing to on or about February 25, 2014, in Bernalillo County, New Mexico, I, Bentley Streett, knowingly possessed a Macintosh MacBook Pro laptop, serial number 730197WDATM that contained visual depictions of minors engaged in sexually explicit conduct, which is child pornography.   This device contains numerous images of child pornography, which

I obtained online and from minors, as described above.   I saved the images on my MacBook.   One of the images I possessed on this device was titled "BXGk-u-IIAAx3ZX.jpg" and depicted a minor engaged in sexually explicit conduct.

With respect to Counts 3-8 and 11, I now know that my Macintosh MacBook Pro laptop hard drive and my Nokia Lumia 920 cellular phone were manufactured overseas, in Thailand and China, respectively.   Therefore, the devices traveled in foreign and interstate commerce before reaching New Mexico. I understand that the use of these devices and the use of the Internet in the commission of these offenses affected interstate or foreign commerce.

8.      By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime(s) to which the Defendant is pleading guilty.   The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## RECOMMENDATIONS

9.      Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend as follows:

a.      The United State agrees to recommend a sentence within Defendant's final guideline range as calculated by the district court.

b.      As of the date of this agreement, the Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct.   Consequently, pursuant to USSG § 3E1.1(a), so long as the Defendant continues to accept responsibility for the Defendant's criminal conduct, the Defendant is entitled to a reduction of two levels from the base offense level as calculated under the sentencing

guidelines, and if applicable, a reduction of an additional offense level pursuant to USSG § 3E1.1(b).

c.      The Defendant understands that the above recommendations are not binding on the Court and that whether the Court accepts these recommendations is a matter solely within the discretion of the Court after it has reviewed the presentence report.   Further, the Defendant understands that the Court may choose to vary from the advisory guideline sentence.   If the Court does not accept any one or more of the above recommendations and reaches an advisory guideline sentence different than expected by the Defendant, or if the Court varies from the advisory guideline range, the Defendant will not seek to withdraw the Defendant's plea of guilty.   In other words, regardless of any of the parties' recommendations, the Defendant's final sentence is solely within the discretion of the Court.

10.     Apart from the recommendations set forth in this plea agreement, the United States and the Defendant reserve their rights to assert any position or argument with respect to the sentence to be imposed, including but not limited to the applicability of particular sentencing guidelines, adjustments under the guidelines, departures or variances from the guidelines, and the application of factors in 18 U.S.C. § 3553(a).

11.     Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to information about the recommendations contained in this agreement and any relevant conduct under USSG § 1B1.3.

## DEFENDANT'S ADDITIONAL AGREEMENT

12.      The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

13.      The Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

14.      By signing this plea agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal.   Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

**RESTITUTION**

15.     The parties agree that, as part of the Defendant's sentence, the Court will enter an

order of restitution pursuant to the Mandatory Victim's Restitution Act, 18 U.S.C. § 3663A, and

the Child Protection and Obscenity Enforcement Act, 18 U.S.C. § 2259.   No later than July 1 of

each year after sentencing, until restitution is paid in full, the Defendant shall provide the Asset

Recovery Unit, United States Attorney's Office, P.O. Box 607, Albuquerque, New Mexico

87103, (1) a completed and signed financial statement provided to the Defendant by the United

States Attorney's Office and/or the United States Probation Office and (2) a copy of the

Defendant's most recent tax returns.

**FORFEITURE**

16.     The Defendant agrees to forfeit, and hereby forfeits, whatever interest the

Defendant may have in any asset derived from or used in the commission of the offense(s) in this

case.   The Defendant agrees to cooperate fully in helping the United States (a) to locate and

identify any such assets and (b) to the extent possible, to obtain possession and/or ownership of

all or part of any such assets.   The Defendant further agrees to cooperate fully in helping the

United States locate, identify, and obtain possession and/or ownership of any other assets about

which the Defendant may have knowledge that were derived from or used in the commission of

offenses committed by other persons.

17.     The Defendant voluntarily and immediately agrees to forfeit to the United States

all of the Defendant's right, title, and interest in the following assets and properties:

        a.     Yellow Nokia Lumia 920 cellular telephone;

        b.     Black Samsung SGH-T159 cellular telephone; and

        c.     Macintosh MacBook Pro laptop, S/N 730197WDATM

18.     The Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to execution of any documents necessary to transfer the Defendant's interest in the above-described property to the United States.

19.     The Defendant agrees to waive the right to notice of any forfeiture proceeding involving the above-described property.

20.     The Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of the above-described property.   The Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of said property in any proceeding. The Defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of said property by the United States or any State or its subdivisions.

## SEX OFFENDER REGISTRATION AND NOTIFICATION

21.     The Defendant understands that by pleading guilty, the Defendant will be required to register as a sex offender upon the Defendant's release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d).   The Defendant also understands that independent of supervised release, the Defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout the Defendant's life.   The Defendant understands that the Defendant shall keep the Defendant's registration current, shall notify the state sex offender registration agency or agencies of any changes to the Defendant's name, place of residence, employment, or student status, or other relevant information within three business days after such change.   The Defendant shall comply with

13

requirements to periodically verify in person the Defendant's sex offender registration information.   The Defendant understands that the Defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements.   If the Defendant resides in New Mexico following release from prison, the Defendant will be subject to the registration requirements of N.M.S.A. 1978 §§ 29-11A-1 to 10.   The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon the Defendant's release from confinement following conviction.

22.     As a condition of supervised release, the Defendant shall initially register with the state sex offender registration in New Mexico, and shall also register with the state sex offender registration agency in any state where the Defendant resides, is employed, works, or is a student, as directed by the Probation Officer.   The Defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirements to update the Defendant's registration information.   The Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

**IMMIGRATION REMOVAL AND OTHER IMMIGRATION CONSEQUENCES**

23.     The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a citizen of the United States.   Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the district court, can predict to a certainty the effect of the Defendant's conviction on the Defendant's immigration status.   The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration

14

consequences that the Defendant's plea may entail, even if the consequence is the Defendant's automatic removal from the United States.

## CONDITIONAL PLEA

24.     Pursuant to Fed. R. Crim. P. 11(a)(2), the defendant, with the consent of the United States, reserves the right to appeal the Court's rulings on the defendant's motion to suppress evidence (Doc. 177) and motion to dismiss (Doc.182) (the Court's full opinion is forthcoming).   If the defendant prevails on his appeal of the Court's order, he shall be allowed to withdraw his guilty plea.

## WAIVER OF APPEAL RIGHTS

25.     The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed.   Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence, including any fine, within or below the applicable advisory guideline range as determined by the Court, as well as any order of restitution entered by the Court.   The Defendant specifically agrees not to appeal the Court's resolution of any contested sentencing factor in determining the advisory sentencing guideline range.   In other words, the Defendant waives the right to appeal both the Defendant's conviction(s) and the right to appeal any sentence imposed in this case except to appeal the sentence to the extent, if any, that the Court may depart or vary upward from the advisory sentencing guideline range as determined by the Court.   In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241 or 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.   The defendant reserves the right

to appeal the Court's ruling on his motion to suppress evidence (Doc. 177) and motion to dismiss

(Doc. 182), as stated in ¶24.

**GOVERNMENT'S ADDITIONAL AGREEMENT**

26.     Provided that the Defendant fulfills the Defendant's obligations as set out above,

the United States agrees that:

        a.     Following sentencing, the United States will dismiss counts 1, 9, 10, and 12.

        b.     The United States will not bring additional criminal charges against the

             Defendant arising out of the facts forming the basis of the present second

             superseding indictment.

27.     This agreement is limited to the United States Attorney's Office for the District of

New Mexico and does not bind any other federal, state, or local agencies or prosecuting

authorities.

**VOLUNTARY PLEA**

28.     The Defendant agrees and represents that this plea of guilty is freely and

voluntarily made and is not the result of force, threats, or promises (other than the promises set

forth in this agreement and any addenda).   There have been no promises from anyone as to what

sentence the Court will impose.   The Defendant also represents that the Defendant is pleading

guilty because the Defendant is in fact guilty.

**VIOLATION OF PLEA AGREEMENT**

29.     The Defendant agrees that if the Defendant violates any provision of this

agreement, the United States may declare this agreement null and void, and the Defendant will

thereafter be subject to prosecution for any criminal violation, including but not limited to any

crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false

statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

### SPECIAL ASSESSMENT

30.     At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $800.00 in payment of the special penalty assessment described above.

### ENTIRETY OF AGREEMENT

31.     This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties.   This agreement is effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 7th day of December, 2018.


JOHN C. ANDERSON
United States Attorney


SARAH J. MEASE
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico 87102
(505) 346-7274

I have carefully discussed every part of this agreement with my client.   Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.   In addition, I have explained to my client the elements to each offense to which she/he is pleading guilty.   To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____
MARTIN LOPEZ, III
Attorney for the Defendant

I have carefully discussed every part of this agreement with my attorney.   I understand the terms of this agreement, and I voluntarily agree to those terms.   My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.

_____
BENTLEY STREETT
Defendant