# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                              No. CR 14-3609 JB

BENTLEY A. STREETT,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States' Sealed Motion to Add Condition of Confinement, filed December 9, 2019 (Doc. 200)("Motion"). The Court held a hearing on January 14, 2020. The primary issues are: (i) whether the Court has authority to prohibit Defendant Bentley A. Streett, who is in custody and awaiting sentencing following his conditional guilty plea, from acquiring photographs of his underaged victims, even those that are publicly available on the internet, and from contacting his victims, either directly or through third parties; and (ii) if the Court has this authority, whether the Court should issue such an order, because Streett asked an acquaintance to find and deliver to Streett photographs that one of Streett's victims, A.O., posted of herself on her social media accounts. The Court concludes that: (i) it does not have authority to issue the United States' requested order; and (ii) even if the Court did has such authority, it would decline to exercise it, because this case's Protective Order and Streett's current detention are sufficient to ensure the community's safety.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 2, 2014, the Honorable Karen B. Molzen, United States Magistrate Judge for the United States District Court for the District of New Mexico, issued an arrest warrant for Streett

pursuant to a criminal complaint.  See Arrest Warrant, filed October 2, 2014 (Doc. 2).  After his arrest, Streett was detained pending trial.  See Detention Order Pending Trial, filed October 6, 2014 (Doc. 8).  Since his arrest, Streett has remained in the United States Marshals Service's ("USMS") custody.  On December 7, 2015, the United States indicted Streett on twelve counts of sexual misconduct involving minors.  See Second Superseding Indictment at 1-7, filed December 17, 2017 (Doc. 33)("Indictment").  The Court then issued a protective order that, in part, forbids Streett from contacting or attempting to contact "any potential victims in this case."  Protective Order ¶ 7.c., at 2, filed May 4, 2015 (Doc. 28).  On December 7, 2018, Streett entered a conditional plea agreement in which he pled guilty to the following eight Counts: (i) travel to engage in illicit sexual conduct with A.O, a minor, in violation of 18 U.S.C. § 2423(b); (ii) inducing a minor, N.M, to produce a visual depiction of sexually explicit conduct, in violation of 18 U.S.C. § 2251(a); (iii) inducing a minor, M.S., to produce a visual depiction of sexually explicit conduct, in violation of 18 U.S.C. § 2251(a); (iv) attempting to induce a minor, A.O., to produce a visual depiction of sexually explicit conduct, in violation of 18 U.S.C. § 2251(a); (v) attempting to induce a minor, J.S., to produce a visual depiction of sexually explicit conduct, in violation of 18 U.S.C. 2251(a); (vi) attempting to induce a minor, M.J., to produce a visual depiction of sexually explicit conduct, in violation of 18 U.S.C. § 2251(a); (vii) distributing child pornography, in violation of 18 U.S.C. § 2252(a)(2); and (viii) possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). See Conditional Plea Agreement ¶ 3, at 2, filed December 7, 2018 (Doc. 184).  Streett conditioned his plea on the Court's rulings on his motions to suppress evidence and dismiss several counts in the Indictment.  See Conditional Plea Agreement ¶ 24, at 15.  The Court has since denied both of Streett's motions.  See Memorandum Opinion at 1-2, filed January 15, 2020 (Doc. 206); United States v. Streett, 363 F. Supp. 3d 1212, 1214 (D.N.M. 2018)(Browning, J.).  The Court is scheduled

to sentence Streett on April 14, 2020.  <u>See</u> Notice of Hearing, filed January 14, 2020 (Doc. 205).

On November 8, 2019, Streett wrote an acquaintance and asked him to find the social media profiles belonging to one of Streett's underaged victims, A.O.[1]  <u>See</u> Motion at 2.  In the letter, Streett describes his encounters with a "<u>very</u> full figured" and "well built young woman." A.O. Motion Exhibit at 6, filed December 9, 2019 (Doc. 200-1)("Streett Letter")(emphasis in Streett Letter).  Streett notes that "he would never ask anyone to contact her for me, but finding a photo from Twitter or FaceBook should be pretty easy."  Streett Letter at 7.  Streett provides A.O.'s social media information, birthday, hometown, telephone number, and the cross streets nearest to her home.  <u>See</u> Streett Letter at 7.  Streett then asks his acquaintance to locate A.O.'s social media profile, print a photograph of her, and mail Streett the photograph.  <u>See</u> Streett Letter at 7.  Streett further directs his acquaintance to avoid writing A.O.'s name on the photograph "or mention it anywhere," but to instead "write a letter about work . . . and make up a name of a relative in the letter," and present A.O. as that relative so as to avoid the letter's confiscation.  Streett Letter at 7. Streett says that he "wouldn't mind a photo of her full body if you come across one."  Streett Letter at 8.  Streett says that he "gave up the rest of my life for [A.O.].  At least I can have a picture of her."  Streett Letter at 8.  Later, to assuage his acquaintance's fears about helping Streett, Streett says that he will enclose an envelope, pre-addressed to Streett from his mother.  <u>See</u> Streett Letter at 9.  Streett then purports to devise a plan that will distance the acquaintance from any liability or culpability in aiding Streett.  <u>See</u> Streett Letter at 10.  The acquaintance did not comply with Streett's request, and A.O. never learned of Streett's attempt to procure photographs from her social media accounts.  <u>See</u> Motion ¶ 7, at 4.

---

[1]In the Conditional Plea Agreement, Streett confesses that A.O. was fourteen years old at the time of Streett's offense in August, 2013.  <u>See</u> Conditional Plea Agreement ¶ 7, at 7.

1.    **The Motion.**

The United States "requests that the Court enter an order prohibiting Defendant from possessing material depicting any of the minor victims in this matter."  Motion at 6.  The United States characterizes the Streett Letter as a "significant effort to covertly obtain images of A.O. as tokens before [Streett's] sentencing hearing and subsequent transfer to the Bureau of Prisons."  Motion ¶ 7, at 3-4.  The United States contends that the Streett Letter demonstrates that Streett is "an unapologetic predator."  Motion ¶ 8, at 4.  The United States argues that, while "this matter will certainly be addressed in more detail during [Streett's] sentencing hearing, of more immediate concern to the United States is the risk that Defendant may continue his efforts to exploit A.O., or other victims, by attempting to obtain images."  Motion ¶ 10, at 5.

The United States asserts that, although "courts do not typically impose conditions when a defendant is confined, courts are afforded wide discretion in imposing conditions of release."  Motion at 5.  The United States argues that 18 U.S.C. § 3142(c)(1)(B)(xiv) allows the court to "order that a defendant 'satisfy any other condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community.'"  Motion at 5-6 (quoting 18 U.S.C. § 3142(c)(1)(B)(xiv)).  The United States contends that courts in the District of New Mexico "often order[] special conditions of release in child exploitation offenses, including . . . no contact with minors."  Motion at 6 (citing United States v. Lopes, No.  CR 17-0832 JCH (Doc. 43)(Herrera, J.); United States v. Weitz, No. CR 15-4300 WJ (Doc. 11)(Johnson, J.); United States v. Yazzie, No. CR 16-4570 JB (Doc. 10)(Browning, J.)).  The United States also says that it found one instance in which a court in the District of New Mexico "added no contact with minors as a condition of confinement."  Motion at 6 (citing Sealed Order Adding Condition of Confinement, United States v. Rosenschein, No. 16-

cr-04571 MCA (Armijo, J.)). The United States contends that the Court should "impose conditions on Defendant's confinement" because of Streett's "continued fixation" on A.O. Motion at 6. The United States argues that Streett "would almost certainly be subject to restrictive conditions were he released to third-party custody; he should not be subject to less restrictive conditions by virtue of his incarceration." Motion at 6. Accordingly, the United States requests that the Court prohibit Streett from possessing any "material depicting any of the minor victims in this matter" as a condition of his presentence confinement. Motion at 6.

      **2.**     <u>**The Response**</u>.

Streett responds. <u>See</u> Sealed Response to Government's Sealed Motion to Add Condition of Confinement at 1, filed December 24, 2019 (Doc. 203)("Response"). Streett argues that the Protective Order "addresses" the Motion. Response ¶ 2, at 1. The Protective Order, Streett notes, prohibits Streett from contacting or attempting to contact "'any potential victims in this case.'" Response ¶ 2.c., at 1 (quoting Protective Order ¶ 7.c., at 2). Streett argues that he has not violated that prohibition, because neither he nor a third party acting on his behalf contacted or attempted to contact any of Streett's victims. <u>See</u> Response ¶ 3, at 1. Streett nonetheless avers that the Protective Order permits Streett's counsel to contact Streett's victims, provided that Streett's counsel first contacts the victims' parents or guardians. <u>See</u> Response ¶ 4, at 2 (citing Protective Order ¶ 7.f., at 3). Streett notes that the Crime Victims' Rights Act, 18 U.S.C. § 3771, affords crime victims the "'right to be reasonably protected from the accused.'" Response ¶ 5, at 2 (quoting 18 U.S.C. § 3771(a)(1)).

Streett argues that, because he seeks "images of A.O. from public sources which she publicly posted," the United States has alleged no facts that "require the Court's protection of any victim in this case." Response ¶ 6, at 2. Streett "asserts that neither he nor any third party at his

direction contacted A.O., committed any offense or action that would affect her safety or protection, invaded her privacy, or adversely affected her rights as a victim in this case." Response ¶ 9, at 3.

Streett then argues that, although some statutes protect victims' right to be "reasonably heard," that right does not trump defendants' rights under the Constitution of the United States of America. Response ¶ 7, at 2. Streett asserts that a "defendant's constitutional rights always trump a victim's statutory rights," and argues that "no provision of the [Crime Victims Rights Act] may infringe on any right of the defendant." Response ¶7, at 2. To support this proposition, Streett quotes Davis v. Alaska, 415 U.S. 308 (1974): "'[T]he right of confrontation is paramount to the State's policy of protecting a juvenile offender.'" Response ¶ 7, at 2 (quoting Davis v. Alaska, 415 U.S. at 319). Streett then discusses a range of constitutional rights, ranging from "the right to effective assistance of counsel," to "the right to notice and opportunity to challenge any information that may be used to deprive a defendant of life, liberty, or property in sentencing." Response ¶ 8, at 2-3 (citing Rita v. United States, 551 U.S. 338 (2007); Strickland v. Washington, 466 U.S. 668 (1984)). Streett does not, however, elaborate the rights he is asserting, or that he believes the United States' requested order would violate. In closing, Streett requests that the Court deny the United States' motion, or "in the alternative," direct the United States to "specify what it anticipates A.O. will say" at Streett's sentencing, "so that Defendant may appropriately respond to ensure that Defendant's rights are protected." Response at 3.

## ANALYSIS

The Court concludes that it lacks power to grant the United States' Motion. The applicable statutes demonstrate that Congress has endowed this power elsewhere. As discussed above, Streett is currently detained at the Santa Fe County Adult Correctional Facility, in USMS custody pending

sentencing. The Court's discretion with regards to a defendant's detention is at its lowest when applied to a convicted defendant, awaiting sentencing for a crime of violence, like Streett. See 18 U.S.C. § 3143. As to the nature of Streett's detention, Congress has delegated authority to the Executive Branch to decide generally what amounts to contraband to federal detainees and, therefore, what Streett is prohibited from possessing. See 18 U.S.C. § 1791; 28 C.F.R. § 5112. The Court is accordingly hesitant to decree what Streett may or may not possess while in the USMS' custody. Congress has also directed the Bureau of Prisons ("BOP"), and not the courts, to calculate the effect of Streett's current detention on the sentence that the Court ultimately imposes. See United States v. Jenkins, 38 F.3d 1143, 1144 (10th Cir. 1994). Finally, Streett has not violated any of the Court's orders thus far relating to his access to this matter's discovery or the Court's inherent power to manage the proceedings before it. See First Sec. Nat. Bank & Tr. Co. v. United States, 382 U.S. 34, 35 (1965). The Court has located no authority endowing it with the authority to grant the United States' requested relief, and the United States has provided none.

I.    **THE COURT LACKS STATUTORY AUTHORITY TO ISSUE THE UNITED STATES' REQUESTED ORDER.**

The Motion presents the Court with two issues: (i) whether the Court has the authority to issue the United States' requested order; and (ii) if the Court has such authority to issue the requested order, whether the Court ought to exercise that authority in this case. The universe of caselaw touching on this issue primarily concerns requests by pretrial defendants or presentencing defendants who are challenging their detention conditions. The Court has previously held that, in such an instance, it has the authority to provide relief only to the extent that the defendant's confinement conditions impair his or her right to counsel or court access. See United States v. Folse, No. CR 15-2485 JB, 2016 WL 3996386, at *10 (D.N.M. June 15, 2016)(Browning, J.). The

Court held that a separate civil rights action under 42 U.S.C. § 1983 or <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971),[2] is the proper avenue to vindicate any other rights.

The Court faces the reverse scenario, in which the United States seeks an order touching on the conditions of a defendant's detention. <u>See</u> Motion at 4 (requesting that the Court order Streett to not possess any photographs of any of his victims). The United States argues that such an order is necessary to protect one of Streett's victims, A.O. <u>See</u> Motion at 1. The Court analogizes the United States' sought relief to a civil injunction or restraining order. Congress has provided a means to protect witnesses and victims against intimidation and harassment by authorizing courts to issue temporary restraining orders. Section 1514 of Title 18 of the United States Code provides:

> A United States district court, upon application of the attorney for the Government, shall issue a temporary restraining order prohibiting harassment of a victim or witness in a Federal criminal case if the court finds, from specific facts shown by affidavit or by verified complaint, that there are reasonable grounds to believe that harassment of an identified victim or witness in a Federal criminal case exists or that such order is necessary to prevent and restrain an offense under section 1512 of this title, other than an offense consisting of misleading conduct, or under section 1513 of this title.[3]

18 U.S.C. § 1514 (a)(1) (2012). Further,

> [a] United States district court, upon motion of the attorney for the Government, or its own motion, shall issue a protective order prohibiting harassment of a victim or witness in a Federal criminal case or investigation if the court, after a hearing, finds by a preponderance of the evidence that harassment of an identified victim or

---

[2]In <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, the Supreme Court of the United States of America held that a violation of the Fourth Amendment to the Constitution of the United States "by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct." 403 U.S. at 389.

[3]Section 1512 of Title 18 of the United States Code prohibits murder or attempted murder with intent to prevent the victim from testifying or assisting a law enforcement investigation. <u>See</u> 18 U.S.C. § 1512(a). Section 1513 prohibits murder or attempted murder in retaliation for a person's testimony or assistance to law enforcement. <u>See</u> 18 U.S.C. § 1513(a)(1).

witness in a Federal criminal case or investigation exists or that such order is necessary to prevent and restrain an offense under section 1512 of this title, other than an offense consisting of misleading conduct, or under section 1513 of this title.

18 U.S.C. § 1514(b)(1). The United States, then, must make a showing that there are "reasonable grounds to believe that harassment of an identified victim or witness in a Federal criminal case exists" before a court imposes a temporary restraining order prohibiting harassment by a defendant of a victim or witness in the defendant's case. 18 U.S.C. § 1514(a)(1). Section 1514 is not applicable to this matter, however, as the United States has not alleged that Streett has attempted to harass or threaten any of his victims with intent to thwart his victims' testimony. Instead, the United States alleges that Streett asked a third party to search the internet for publicly available photographs of one of his victims, A.O., with which Streett sought to maintain his memories of A.O. See Motion at 1-2. Further, the United States has given no indication that A.O. will testify at Streett's upcoming sentencing. But see Response at 3 (requesting that the Court direct the United States "to specify what it anticipates A.O. will say at" Streett's sentencing hearing). Accordingly, the Court must look elsewhere for its authority to issue an injunction prohibiting Streett from using any means to procure a photograph of his victims.

Streett is currently detained at the Santa Fe County Adult Correctional Facility, in the custody of the USMS pending sentencing. The USMS is tasked with the care of federal prisoners "from the time of court-ordered custody until either their acquittal or their conviction and delivery to the Federal Bureau of Prisons to serve their sentence." Fact Sheet: Prisoner Operations, U.S. Marshals Service (2019), http://www.usmarshals.gov/duties/prisoner.htm (last visited January 30, 2020) The USMS is responsible for the "safe, humane care and custody" of those placed in its care. Fact Sheet: Prisoner Operations ("The Marshals Service ensures the safe, humane care of federal prisoners in its custody."). The USMS and the BOP have no detention facilities in the

District of New Mexico.  See United States v. Folse, 2016 WL 3996386, at *6.  The USMS

therefore uses several New Mexico prison facilities, jails, and detention centers through inter-

governmental agreements.  See United States v. Folse, 2016 WL 3996386, at *6.

The court's discretion as to a defendant's confinement varies depending on the

proceedings' stages.  Before a defendant is convicted, the "United States bears the burden of

proving risk of flight by a preponderance of the evidence, and the burden of proving dangerousness

by clear-and-convincing evidence."  United States v. Enriquez, No. CR 11-1669 JB, 2011 WL

5220233, at *4 (D.N.M. Sept. 7, 2011)(Browning, J.)(citing 18 U.S.C. § 3142(e)).  In contrast, for

post-conviction release, the burden shifts, and "§ 3143(a) places the burden on a defendant to

demonstrate by clear-and-convincing evidence that he is not likely to flee or pose a danger to the

safety of others or the community."  United States v. Enriquez, 2011 WL 5220233, at *4-5 (quoting

United States v. Madoff, 316 F. App'x 58, 59 (2d Cir. 2009)(unpublished)).  Accordingly, after a

defendant is convicted, the Court's discretion is largely limited to the defendant's sentence.  Under

18 U.S.C. § 3143(a):

> **Release or detention pending sentence.** -- (1) Except as provided in
> paragraph (2), the judicial officer <u>shall</u> order that a person who has been found
> guilty of an offense and who is awaiting imposition or execution of sentence, other
> than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C.
> § 994 does not recommend a term of imprisonment, be detained, unless the judicial
> officer finds by clear and convincing evidence that the person is not likely to flee
> or pose a danger to the safety of any other person or the community if released
> under section 3142(b) or (c).  If the judicial officer makes such a finding, such
> judicial officer shall order the release of the person in accordance with section
> 3142(b) or (c).

18 U.S.C. § 3143(a)(1) (bold in original).  Before Congress enacted the Bail Reform Act, post-

conviction, pre-sentence bail rested entirely within courts' discretion.  See United States v. Baca,

444 F.2d 1292, 1296 (10th Cir. 1971)("[T]he language of 18 U.S.C. 3148 makes it clear that

whether a convicted person is released on bail rests in the trial court's discretion."). Today, § 3143 sharply curtails that discretion. See 18 U.S.C. § 3143(b)(2) (providing that, in the vast majority of cases, only the United States may prevent mandatory detention of a person convicted of the crimes that 18 U.S.C. § 3142(f)(1)(A), (B), and (C)). Similarly, courts have little discretion regarding a person's detention once a sentence is imposed. "Once a sentence is imposed, 'it is final, and the trial judge's authority to modify it is narrowly circumscribed.'" United States v. Gould, No. 03-2274, 2011 WL 1103786, at *10 (D.N.M. March 16, 2011)(Browning, J.)(quoting Dolan v. United States, 560 U.S. 605, 621 (2010)).

Most importantly, courts' authority must often give way to the BOP and the USMS in their custody of federal detainees. For example, courts lack the power to order pre-sentence confinement credit, see United States v. Jenkins, 38 F.3d at 1144 (stating that "a district court is without jurisdiction to award a sentence credit at sentencing;" rather, the authority resides with the "Attorney General, through the Bureau of Prisons, after sentencing"), or direct the defendant's place of imprisonment, see 18 U.S.C. § 3621 ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment."). Further, the Executive Branch, via the Attorney General of the United States, defines what items federal inmates are not permitted to possess, and Congress has endowed the Attorney General of the United States with the power to establish rules and regulations relating to prison mail. See 18 U.S.C. § 1791; Carter v. United States, 333 F.2d 354, 355 (10th Cir. 1964). Courts have held that prison and detention facilities that house federal detainees, even those that the BOP does not operate, may fall within the statute. See United States v. Kemp, 740 F. App'x 636, 641 (10th Cir. 2018)(unpublished; Lopez v. United States, No. DR-08-CV-038-AML/VRG, 2010 WL 11506917, at *10 (W.D. Tex. Sept. 23, 2010)(Ludhum, J), aff'd sub nom. Lopez v. U.S. Immigration & Customs Enf't, 455 F. App'x 427 (5th Cir.

2011)(unpublished)("[F]ederal law specifically authorizes the USMS to enter into IGAs for the purpose of acquiring suitable detention space, health care and other services and materials required to support prisoners under the custody of the U.S. Marshal who are not housed in Federal facilities."); 28 U.S.C. § 561(a) ("There is hereby established a United States Marshals Service as a bureau within the Department of Justice under the authority and direction of the Attorney General."); 18 U.S.C. § 4013(a) ("The Attorney General, in support of United States prisoners in non-Federal institutions, is authorized to make payments from funds appropriated for Federal prisoner detention for . . . the housing, care, and security of persons held in custody of a United States marshal pursuant to Federal law under agreements with State or local units of government or contracts with private entities."). The Court, accordingly, defers to the USMS' statutorily granted authority to manage the inmates within its custody.

A court' s post-conviction discretion regarding a defendant's detention is higher when a court sentences the defendant. In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court of the United States severed the mandatory provisions from the Sentencing Reform Act, Pub. L. No. 98-473, 98 Stat. 1976, thus making the United States Sentencing Commission Guidelines manual ("Guidelines") sentencing ranges effectively advisory. Nonetheless, even then statutes largely constrain courts' discretion. Although the Guidelines are no longer mandatory, both the Supreme Court and the United States Court of Appeals for the Tenth Circuit have clarified that, while the Guidelines are part of several factors which 18 U.S.C. § 3553(a) enumerates, they are entitled to careful consideration. See Rita v. United States, 551 U.S. 338, 349 (2007)("The Guidelines as written reflect the fact that the Sentencing Commission examined tens of thousands of sentences and worked with the help of many others in the law enforcement community over a long period of time in an effort to fulfill [its] statutory mandate."); United States v. Cage, 451 F.3d

585, 593 (10th Cir. 2006)(describing the Guidelines as more than "just one factor among many"), overruled on other grounds by Gall v. United States, 552 U.S. 35 (2007). That discretion, however, is not limitless. See, e.g., Kimbrough v. United States, 552 U.S. 85, 90-91 (2007); United States v. Apodaca-Leyva, No. CR 07-1479 JB, 2008 WL 2229550, at *6 (D.N.M. Feb. 13, 2008)(Browning, J.)("While the Supreme Court's decision in *United States v. Booker* has given the sentencing court discretion that it did not have earlier, the sentencing court's first task remains to accurately and correctly determine the advisory-guideline sentence.").

Further constraining the Court's discretion at this stage of Streett's proceedings is that Streett's detention is mandatory under the Bail Reform Act. Section 3143(a)(2), which mandates presentence confinement, applies to offenses falling under 18 U.S.C. § 3142(f)(1)(A), which includes "crime[s] of violence." 18 U.S.C. § 3142(f)(1)(A). Under 18 U.S.C. § 3156(a)(4)(C), the term "crime of violence" is defined to include "any felony under Chapter . . . 110." 18 U.S.C. § 3156(a)(4)(C). Chapter 110 is titled "Sexual Exploitation and Other Abuse of Children" and includes sections 2251 to 2260A, which the United States charges in the Indictment's Counts 3-8 and 11-12. See Indictment at 1. The statute also requires Streett's detention, despite the fact that the United States does not allege that Streett used violence in committing his crimes. See United States v. Rogers, 371 F.3d 1225, 1128 n.5 (10th Cir. 2004)(concluding "that the use of the term 'by its nature' in § 3156(a)(4)(B) mandates a categorical approach to the determination of whether a given crime fits within § 3156(a)(4)(B)'s definition of crime of violence" such that "the possibility of force must result from the nature of the elements of the offense rather than from the particular way that the defendant allegedly committed the crime."). Further demonstrating courts' limited discretion at this stage of the proceedings, § 3143 also curtails courts' ability to except a defendant from the statute's reach. A court may release a person who meets § 3143(a)(2)'s criteria

only if the court finds that the person is not a danger and exceptional circumstances exist that justify release. See 18 U.S.C. 3145(c); United States v. Kinslow, 105 F.3d 555 (10th Cir. 1997)(stating that a defendant who sought release pending sentencing for a crime of violence must show by clear and convincing evidence that he was "not likely to flee or pose a danger to any other person or the community" and "making a clear showing of exceptional reasons why his detention would not be appropriate"). While § 3143 does not define "exceptional circumstances," the Court has previously written at length what constitutes "exceptional circumstances." United States v. Lopez, 184 F. Supp. 3d 1139, 1145-47 (D.N.M. 2016)(Browning., J.). The Court noted that § 3143 allows release of a defendant otherwise subject to mandatory detention only if the defendant's circumstances are "truly unusual," and demonstrate that the defendant is not the type of person for whom Congress intended that detention be mandatory despite an offense's statutory provision. United States v. Lopez, 184 F. Supp. 3d at 1145-46. Accordingly, the Court's discretion with regard to Streett's confinement is at its lowest ebb at this stage of the proceedings against him, leaving the Court with relatively little inherent authority to add conditions to Streett's confinement.

The United States points to no authorities that endow the Court with the power to grant its requested remedy. The United States asserts that, although "courts do not typically impose conditions when a defendant is confined, courts are afforded wide discretion in imposing conditions of release." Motion at 5. The United States argues that 18 U.S.C. § 3142(c)(1)(B)(xiv) allows the court to "order that a defendant 'satisfy any other condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community.'" Motion at 5-6 (quoting 18 U.S.C. § 3142(c)(1)(B)(xiv)). The Court notes that the United States' quoted passage endows courts with broad authority and discretion to set

conditions for a pretrial defendant's release.  See 18 U.S.C. § 3142(c) (allowing a judicial officer

to order the pretrial release of a defendant subject to conditions reasonably calculated to guarantee

both the community's safety and defendant's appearance for trial).  As discussed above, however,

such a broad grant of discretion is not evident in § 3143, which applies to defendants who, like

Streett, have been convicted and are awaiting sentencing.  See 18 U.S.C. § 3143.  The United

States also contends that courts in the District of New Mexico "often order[] special conditions of

release in child exploitation offenses, including . . . no contact with minors."  Motion at 6.  Section

3142(c) mandates such conditions, however, for all defendants accused of sexual crimes involving

minor victims.  See 18 U.S.C. § 3142(c)(1) (requiring, among other conditions, that a defendant

accused of sexual crimes against child victims be ordered to "avoid all contact with an alleged

victim of the crime and with a potential witness who may testify concerning the offense").  The

United States also says that it located one instance in which a court in the District of New Mexico

"added no contact with minors as a condition of confinement."  Motion at 6 (citing Sealed Order

Adding Condition of Confinement, filed June 2, 2017 (Doc. 42), in United States v. Rosenchein,

No. CR 16-4571 MCA).  In that case, however, the defendant awaited trial, and so was subject to

§ 2412, and the defendant consented to the court's order and agreed in advance to abide by the

United States' request.  See Response to Motion to Add a Condition of Confinement at 1, filed

May 26, 2017 (Doc. 41), in United States v. Rosenchein, No. CR. 16-4571 MCA.  The Court

concludes that the relevant statutes demonstrate Congress' intent to constrain courts' discretion at

this stage of the proceedings, particularly with regard to defendants who, like Streett, have been

convicted of crimes of violence as defined in 18 U.S.C. § 3156(a)(4)(C).

## II. NO OTHER SOURCE OF AUTHORITY GRANTS THE COURT THE POWER TO DECREE WHAT STREETT MAY OR MAY NOT LOOK AT IN THE <u>USMS' CUSTODY</u>.

This case's Amended Protective Order also does not provide the Court with authority to sanction or control Streett's conduct and, accordingly, neither does rule 16(d) of the Federal Rules of Criminal Procedure. Streett's actions do not amount to a violation of the Amended Protective Order in this case. <u>See</u> Amended Protective Order, filed March 13, 2018 (Doc. 109). The initial Protective Order forbids Streett from "mak[ing] or attempt[ing] to make contact with any potential victims in this case." Protective Order ¶ 7.c., at 2, filed May 4, 2015 (Doc. 28). The United States does not argue that Streett violated the Protective Order or the Amended Protective Order, and the Court concludes that Streett did not violate the Amended Protective Order or the Protective Order. Instead, Streett asked an acquaintance to download and deliver to Streett a photograph that one of Streett's minor victims posted publicly on her social media profiles. <u>See</u> Streett Letter at 6-8. The United States accordingly does not seek a sanction relating to the Protective Orders under rule 16(d) of the Federal Rules of Criminal Procedure, but rather requests that the Court impose a new order that "prohibit[s] Defendant from having any contact with any of the minor victims in this matter through any medium" and prohibits Streett from possessing "material depicting any of the minor victims in this matter." Motion at 6. This is a broad request that could include, for example, drawings that Streett makes of any of his victims. Further, Streett is guaranteed at least some access to the photographs at issue in this case -- even contraband photographs -- during this case's pendency. <u>See</u> 18 U.S.C. § 3509(m) (establishing procedure for the United States' custody of and the defendant's access to child pornography contraband for discovery purposes "[n]otwithstanding Rule 16 of the Federal Rules of Criminal Procedure"). Similarly, because Streett has not flouted any of the Court's orders, the Court may not invoke its inherent contempt power to provide the

United States' requested relief.  See Denver-Greeley Valley Water Users Ass'n v. McNeil, 131 F.2d 67, 69 (10th Cir. 1942).  Similarly, the Court's inherent power to manage its docket does not provide the Court with the authority to grant the United States' requested relief.  Courts have the inherent power to levy sanctions in response to abusive litigation practices.  See Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991).  The Court has the inherent power to impose a variety of sanctions to regulate its docket, promote judicial efficiency, and deter frivolous filings.  See ADS Fin. Services v. United States, No. CIV. 95-1469, 1997 WL 382110, at *1 (D.N.M. March 26, 1997)(Hansen, J.)(citing Martinez v. Internal Revenue Service, 744 F.2d 71, 73 (10th Cir. 1984)).  As Streett has not threatened any proceedings before the Court, interfered with a witness, or flouted any of the Court's orders, the Court's inherent power does not extend to what Streett may or may not look at while he awaits sentencing in the USMS' custody.

## III.    THE COURT WOULD DENY THE MOTION EVEN IF IT HAD THE AUTHORITY TO ISSUE THE UNITED STATES' REQUESTED RELIEF.

The Court would deny the Motion even if the Court had the authority, either statutorily or via the Court's inherent power, to grant the United States' requested relief.  The relevant statutes direct courts to fashion the "least restrictive" means to guarantee both the public's safety and the defendant's presence throughout the proceedings.  18 U.S.C. § 3142(c)(1)(B).  See 18 U.S.C. § 3143(a).  The statutes afford district courts tools to accomplish those goals, ranging from bail, as the least restrictive means, to detention, as the most restrictive.  See 18 U.S.C. § 3142(c)(1)(B).  Streett is currently detained and has been in the USMS' custody since October 3, 2014.  See Arrest Warrant at 1, filed October 20, 2014 (Doc. 10).  A Protective Order has been in place since May, 2015.  See Protective Order at 1.  Streett has not violated any Protective Order or done anything else to draw the United States' ire since his detention.  In other words, Streett's detention has

satisfied § 3143's objectives: it sharply curtailed his ability to threaten the public and ensured that Streett has complied with each of the Court's orders. The Court, accordingly, sees no need to go beyond Streett's detention in service of § 3143's objectives.

The Court would also deny the United States' Motion if the Court had inherent power to issue the relief that the United States seeks. Because neither rule nor statute governs the exercise of the court's inherent power, see Chambers v. NASCO, Inc., 501 U.S. at 43, the Court must exercise its power "with restraint and discretion," Roadway Express v. Piper, 447 U.S. 752, 764 (1980). Similarly, the Court's authority to enjoin parties requires the moving party to demonstrate, among other requirements, that irreparable harm will result from the Court's inaction and that the equities balance in the movant's favor. See Dominion Video Satellite, Inc. v. Echostar Satellite Corp., 356 F.3d 1256, 1260 (10th Cir. 2004). The United States seeks what amounts to an injunction. The United States has not demonstrated any irreparable harm that would result from the Court's inaction. At the hearing, the United States acknowledged that A.O. is unaware of Streett's efforts, see Transcript of Hearing at 28:1-7 (taken Jan. 14, 2020)(Court, Mease),[4] and, in his letter, Streett directs his acquaintance not to contact A.O, see Streett Letter at 3-5. Further, an injunction "is an extraordinary remedy, the right to relief must be clear and unequivocal." SCFC ILC, Inc. v. Visa USA, Inc., 936 F.2d 1096, 1098 (10th Cir. 1991). As discussed, Streett's detention has protected his victims from him. Further, the Protective Order, which forbids Streett from contacting any of his victims, suffices as a less restrictive alternative to the United States' requested relief.

Although the Court concludes that it lacks the authority to grant the Motion, this is not to

---

[4]The Court's citation to the January 14, 2020, hearing is to a draft transcript. Page and line numbers are, accordingly, subject to slight change when the final transcript is filed.

say that the Court approves of Streett's actions that brought this matter before the Court. Streett's actions suggest that he has not come to terms with the wrongfulness of his crimes. His attempt to circumvent screening at the Santa Fe County Detention Facility demonstrates that he knew he should not attempt to procure his victims' photographs, but did so anyway, suggesting a lack of respect for the law. At the parties' request, this information may be relevant to the Court as it considers the factors set forth in 18 U.S.C. § 3553(a) when it fashions his sentence. See 18 U.S.C. § 3553(a) (providing that, in setting a sentence for a crime, courts "shall consider," among other factors, the need to deter similar conduct, "protect the public from further crimes of the defendant," and "promote respect for the law").

**IT IS ORDERED** that the United States' Motion to Add Conditions of Confinement, filed December 9, 2019 (Doc. 200), is denied.

_____
UNITED STATES DISTRICT JUDGE

_Counsel:_

John C. Anderson
   United States Attorney
Nicholas Jon Ganjei
Sarah Jane Mease
Alexander Mamoru Max Uballez
   Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

     _Attorneys for the Plaintiff_

Martin Lopez, III
Martin Lopez, III, P.C.
Albuquerque, New Mexico

--and--


Harry I. Zimmerman
Harry Ira Zimmerman Attorney at Law
Albuquerque, New Mexico

   *Attorneys for the Defendant*