## IN THE DISTRICT COURT OF THE UNITED STATES

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

                                        Case No. 14 CR 3609 JB

    v.

BENTLEY STREETT,

        Defendant.

### FIRST MOTION TO WITHDRAW PLEA, AND/OR, IN THE ALTERNATIVE, FOR REJECTION OF PLEA AGREEMENT

COMES NOW Defendant Bentley Streett, by and through his counsel, Paul M. Linnenburger of Rothstein Donatelli LLP, and, pursuant to U.S. Const. amend V; U.S. Const. amend. VI; U.S. Const. amend. XIV, and Fed. R. Crim. P. 11, respectfully requests this Court permit Mr. Streett to withdraw the Plea Agreement (Doc. 184) and associated pleas of guilty entered December 7, 2018, and/or, in the alternative, for the Court to reject said Plea Agreement due to lack of independent factual basis. In support thereof, Mr. Streett states as follows:

### INTRODUCTION

Mr. Streett pursued his defense and his right to maintain his innocence for a period of more than four years from 2014 until late 2018. In December 2018, he did enter a conditional plea to various charges within the Second Superseding Indictment, including Count 11, which charged possession of child pornography involving a prepubescent minor. The inclusion of "prepubescent" in Count 11 meant the statutory penalty potentially doubled, from a maximum of 10 years if the child pornography did not involve a prepubescent minor, to 20 years if it did.

The ultimate plea to Count 11 under the Conditional Plea Agreement, however, was not supported by a sufficient independent factual basis as to the necessary element that the child

pornography involved a prepubescent minor. It is clear that the plea to Count 11 cannot be accepted. Counsel submits this error has tainted the entire Conditional Plea Agreement and affected the substantial rights of Mr. Streett. As such, Mr. Streett should be permitted to withdraw his plea, and/or, this Court should reject the Conditional Plea Agreement.

## PROCEDURAL BACKGROUND

**I.    Charges and Plea Agreement Specific to "Prepubescent" Child Pornography**

Mr. Streett was charged initially via Complaint filed October 2, 2014. (Doc. 1). Eventually, on December 17, 2015, a Second Superseding Indictment was filed charging Mr. Street with twelve counts of violations of 18 U.S.C. §2423, 18 U.S.C. §2251, 18 U.S.C. §2252, 18 U.S.C. §1470, and 18 U.S.C. §2252A. Of specific relevancy to this Motion, Count 11 of the Second Superseding Indictment charged, in total:

> From on or about June 26, 2013, and continuing to on or about February 25, 2014, in Bernalillo County, in the District of New Mexico, the defendant, **BENTLEY A. STREETT**, did knowingly possess a Macintosh Mac Book Pro laptop containing child pornography, that involved prepubescent minors, that had been shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means including by computer, the production of which involved the use of a minor engaging in sexually explicit conduct, and  which visual depiction was of such conduct.

> In violation of 18 U.S.C. §§2252A(a)(5)(B), (b)(2), and 2256.

(Doc. 33, p. 6).

Count 11 of the Superseding Indictment specifically charged possession of child pornography "that involved prepubescent minors." This is crucial because, according to 18 U.S.C. §2252A(b)(2), possession of child pornography involving prepubescent minors carries a maximum penalty of 20 years imprisonment, while possession of child pornography involving postpubescent minors carries a maximum penalty half that (10 years).

Following significant litigation and protracted plea discussions suggestive of a preference not to enter a plea of guilty in this matter, on December 7, 2018, a conditional plea was entered pursuant to a Conditional Plea Agreement. (Doc. 184). Said Conditional Plea Agreement indicated Mr. Streett would "plead guilty to the following charges contained in the second superseding indictment", including "Count 11: Possession of Visual Depictions of Minors Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. §2252A(a)(5)(B)." (Doc. 184, p. 2).

As stated above, Count 11 charges possession of "prepubescent" minor child pornography, which is accompanied by a term of imprisonment of up to 20 years. This is further evidenced by the "**<u>SENTENCING</u>**" portion of the Conditional Plea Agreement, which notes that Count 11 is punishable by "imprisonment for a period of not more than 20 years…" (Doc. 184, p. 3). It is also evidenced by the section of the Conditional Plea Agreement establishing the necessary elements of the offenses which were included within the Conditional Plea Agreement. There, the Conditional Plea Agreement explicitly indicates that an element of the offense is that the visual involve "a prepubescent minor." (Doc. 184, p. 6).

This was verified at the plea hearing conducted on December 7, 2018. During the Government's discussion of the necessary elements of Count 11 thereat, the "third" element necessary for proof was described as:

> …that the production of such visual depiction [of child pornography] involved a prepubescent minor engaged in sexually explicit conduct.

(Doc. 225, p. 16, l. 3-5). Immediately thereafter, the Government again indicated a required element was the involvement of "prepubescent" minor(s) by citing the 20 year statutory maximum imprisonment discussed above. (Doc. 225, p. 16, l. 7-9).

Thus, the plea as to Count 11 as set forth in the Second Superseding Indictment and Conditional Plea Agreement necessarily required the establishment of an independent factual basis

3

that the pornographic material possessed involved a prepubescent minor.

## II.     Inadequate Independent Factual Basis for "Prepubescent" Child Pornography

The factual basis provided in the Conditional Plea Agreement and during the plea hearing itself does not establish possession of pornographic material involving a "prepubescent minor" as required by Fed. R. Cr. P. 11. While it *may* establish possession of child pornography, it does *not* establish that the same involved a "prepubescent minor."

Within the Conditional Plea Agreement, there is an admission of facts related to the counts included therein. (Doc. 184, pp. 7-9). The factual basis for Count 11 is set forth as follows:

> **Count 11: From on or about June 26, 2013, and continuing to on or about February 25, 2014, in Bernalillo County, New Mexico, I, Bentley Streett, knowingly possessed a Macintosh MacBook Pro laptop, serial number 730197WDATM that contained visual depictions of minors engaged in sexually explicit conduct, which is child pornography. This device contains numerous images of child pornography, which I obtained online and from minors, as described above. I saved the images on my MacBook. One of the images I possessed on this device was titled "BXGk-u-IIAAx3ZK.jpg" and depicted a minor engaged in sexually explicit conduct.**

(Doc. 184, pp. 8-9). Absent, is any reference to a "prepubescent" minor, in particular as it relates to the specific image discussed.[1]

At the same time, the discussion at the plea hearing held on December 7, 2018, did not include any admission or independent factual basis that the offense involved an image of a "prepubescent" minor. The Court made specific inquiries of both Mr. Streett and counsel at the plea hearing in relation to the factual basis for the plea to Count 11 as follows:

> THE COURT:          Okay. Let's talk, then, about Count XI. What did you do that makes you guilty of that crime, sir?

---

[1] Counsel acknowledges that the enhanced penalty under 18 U.S.C. §2252A(b)(2) may also be attached to child pornography involving a minor who had not yet attained the age of 12. However, none of the factual basis within the Conditional Plea Agreement references any minor who had not attained 12 years of age either. Nor was there a mention of a child under the age of twelve during the plea hearing.

THE DEFENDANT:  I was in possession of all the aforementioned images and the counts which were on my computer, my MacBook.

THE COURT:          And do you agree that these contained ***images of minors*** engaged in sexually explicit conduct?

MR. LOPEZ:          Yes, ma'am, they did.

THE COURT:          All right. Are all ***the facts that are set forth in Count XI admission of facts***, are all of those true?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:          And do you admit that all of those devices that you used were manufactured outside of the United States?

THE DEFENDANT:  I believe they are, yes, ma'am.

THE COURT:          All right. And you were using an interstate or an internet connection in committing this offense?

THE DEFENDANT:  I believe so, yes, ma'am. I believe the computer or the cell phone was through the phone carrier.

THE COURT:          Do you have any reason to believe that you weren't using –

THE DEFENDANT:  No, ma'am.

MS. MEASE:          Your Honor, I would just add, similarly to what I added with respect to Count XI, the file that I had listed in the factual basis for that plea, the parties have viewed that specific file and concur that ***it depicts child pornography***.

THE COURT:          All right. And you do concur, Mr. Lopez?

MR. LOPEZ:          Yes, Your Honor.

THE COURT:          Mr. Streett?

THE DEFENDANT:  I have not seen the image in many years ma'am. I don't know what the specific image is, but if my attorneys say so, then I concur.

THE COURT:          Do you have any reason to doubt that that's not true?

THE DEFENDANT:  No, Your Honor, I don't. I'm just not specifically familiar with that image.

(Doc. 184, p. 38, l. 14 - p. 40, l. 10) (emphasis added).

The Court then followed by asking the Government if there was any additional information it required for a factual basis. While the Government sought to clarify that Mr. Streett's specifically sought genital nudity in regards to Counts 5, 6 and 7. (Doc. 184, pp. 40-41). The Government did not, at any time, present any evidence or otherwise seek an admission from Mr. Streett that any image involved a "prepubescent" minor or a minor who had not reached the age of 12. In fact, there was no evidence presented as to that specific required element under the Second Superseding Indictment and Conditional Plea Agreement.

## ARGUMENT

### I.      Lack of Independent Factual Basis Violates Fed. R. Crim. P. 11

Federal Rule of Criminal Procedure 11(b)(3) requires the Court to determine the existence of an independent factual basis for a plea of guilty. Fed. R. Crim. P. 11(b)(3); *United States v. Landeros-Lopez*, 615 F.3d 1260, 1263 (10th Cir. 2010). This requirement is designed to "ensure the accuracy of the plea through some evidence that a defendant actually committed the offense." *Landeros-Lopez*, 615 F.3d at 1263. In determining whether or not an independent factual basis exists, courts can look to the plea hearing, charging documents, and plea agreements, *see e.g. United States v. Zayas*, 2018 WL 1750564, *6 (April 10, 2018, D.N.M.), provided the information is available at the time the plea is entered. *Landeros-Lopez*, 615 F.3d at 1263.

It is important to note that "prepubescent minor" is a subset of "minor." The term "minor" is defined by 18 U.S.C. §2256(1) as "any person under the age of eighteen years" and encompasses both prepubescent and postpubescent persons. Congress made this differentiation in order to include increased penalties for child pornography involving younger children. Accordingly, in this case, it is a unique necessary element of Count 11 that the pornography involved a minor that was

"prepubescent", and the record must support an independent factual basis of such a minor.

There is not a record of such evidence because there is no evidence the visual and/or media held by Mr. Streett involved "prepubescent" minor(s) contained in the charging documents, the Conditional Plea Agreement or the plea colloquy.

A.    *Charging Documents Do Not Contain Evidence of "Prepubescent" Pornography*

The charging documents do not provide sufficient evidence to support a finding of possession of prepubescent child pornography. First, the Complaint did not charge possession of child pornography at all, let alone possession of prepubescent child pornography. (Doc. 1). Moreover, sworn statement accompanying the Complaint references two specific females, Jane Doe 1 who was 15 years old, (Doc. 1, p. 3), and Jane Doe 2 who was also 15 years old. (Doc. 1, p. 4), and otherwise discusses general photos of "girls who appear to be under the age of 18" (Doc. 1, p. 5). There is not any indication therein of prepubescent minors either in discussions with Mr. Streett or in photographs possessed by Mr. Streett.

The Second Superseding Indictment does include *charges* concerning possession of "prepubescent" child pornography. However, this cannot alone be sufficient to support the required independent factual basis under Fed. R. Crim. P. 11(b)(3). If a charge alone was sufficient, Fed. R. Crim. P. 11(b)(3) would be superfluous in every case because the charging document alone would "determine that there is a factual basis for the plea."

B.    *The Conditional Plea Agreement and Plea Colloquy Do Not Contain Evidence of "Prepubescent" Pornography*

In this case, the factual basis in the Conditional Plea Agreement and from the plea colloquy did not reference "prepubescent minors" at all.

The Conditional Plea Agreement contained two pages of single-spaced factual admissions. (Doc. 184, pp. 7-9). As to Count 11, the factual admissions reference possession of "child

pornography" that was "obtained online and from minors, as described above." (Doc. 184, pp. 8-9). The minors "described above" in the Conditional Plea Agreement were not "prepubescent." To the contrary, they were 14 years of age (Counts 2, 3 and 5), 15 years of age (Counts 7 and 8), 16 years of age (Count 6), and 17 (Count 4). Minors of these ages cannot reasonably be expected to be prepubescent.[2]

The same is true for the references to pornographic images in the admissions. While the admissions do reference "images depicting minors engaged in sexually explicit conduct," (Doc. 184, p. 8), they do not reference prepubescent minors. They also do not reference minors of an age reasonably expected to be prepubescent.

The Conditional Plea Agreement does not provide information to support a finding under Fed. R. Crim. P. 11(b)(3) that Mr. Streett possessed prepubescent child pornography.

Similarly, that key element was lacking in the plea colloquy. The discussion surrounding Count 11 (and all others involved in the Conditional Plea Agreement) tracked the limitations of the Conditional Plea Agreement discussed above – minors, but not "prepubescent" minors. Even when the Government had an opportunity to seek additional factual basis, it did not seek any information as to the specific age of the minors in the image(s) or whether they were pre or postpubescent. There was, simply, no evidence to support any finding of the necessary independent factual basis as to that specific required element.

## II.     Tainted Plea as to Count 11 Invalidates Entire Plea

As set forth above, it is apparent the factual basis was and is lacking for the plea as to one of the counts included in Mr. Streett's plea. Mr. Streett submits that the taint from that Fed. R.

---

[2] According to the National Institute of Health, females typically begin puberty by age 8 to 13, and males typically begin puberty between ages 9 and 14. *See* Puberty and Precocious Puberty: Condition Information, *available at* nichd.nih.gov/health/topics/puberty/conditioninfo/default.

Crim. P. 11(b)(3) violation extends to the entire plea.

It must be remembered that Mr. Streett's plea to Count 11 was part and parcel of an encompassing Conditional Plea Agreement. The inclusion of Count 11, and in particular the noted penalties of up to 20 years imprisonment associated therewith, was a necessary part of the bargain. In developing that Conditional Plea Agreement, the bargaining positions of Mr. Streett and the Government were, in part, determined by Count 11. Under the circumstances, this Court should not parse the counts in the plea when considering withdrawal because to do so would "ignore[] the fact that the guilty plea was entered as part of an agreement involving all of the counts [within the Conditional Plea Agreement.]" *See United States v. Benard*, 680 F.3d 1206, 1214 (10th Cir. 2012).

Under the circumstances, it is not possible to determine if Mr. Streett would have entered into the Conditional Plea Agreement if he understood there was an insufficient factual basis for Count 11. If one count in a multi-count plea agreement is invalidated, as Count 11 is in the instant case, the Court should permit withdrawal of the entire agreement. To limit withdrawal to only that count would interfere with Mr. Streett's "prerogative to personally decide whether to stand trial or to waive his rights by pleading guilty to the various counts." *See Id.* This is true even if the ultimate sentence would remain unaltered. *Id.*

As applied to the instant case, if the lesser-included offense of possession of child pornography *not* involving prepubescent minors was included rather than the offense actually referenced in Count 11, the potential penalties associated with the charges and plea are altered. This would necessary change the calculus for any defendant deciding "whether to stand trial or to waive his rights by pleading guilty", which is why courts strive to ensure that a defendant understands the potential penalties associated with charges and any plea. *See* Fed. R. Crim. P. 11(b)(1)(G), (H) & (I).

This Court cannot simply inject a different charge into the totality of the pleas entered by Mr. Streett. Altering the potential penalties raises unanswerable and troubling questions. First, it would call into question whether or not Mr. Streett would still have entered into the Conditional Plea Agreement. Ultimately, it would call into question whether or not the plea was entered knowingly and voluntarily,[3] which Fed. R. Crim. P. 11(b)(1) is intended to address.

It is clear that Count 11 cannot be extricated from the broader agreement. Accordingly, this Court should permit Mr. Streett to withdraw his plea as to all counts within the Conditional Plea Agreement. In the alternative, due to the infirmity surrounding an integral part of the Conditional Plea Agreement, this Court should reject the same.

## III.    The Court Should Otherwise Reject the Conditional Plea Agreement

In the alternative, the Court would be justified in rejecting the Conditional Plea Agreement pursuant to Fed. R. Crim. P. 11(c)(5), and the Court should do so. "In addressing the question of whether, and under what circumstances a district court may reject a plea agreement entered into between the defendant and government, [the] starting point is [Federal] Rule [of Criminal Procedure] 11 which describes the procedures for acceptance or rejection of those agreements." *United States v. Robertson*, 45 F.3d 1423, 1437 (10th Cir. 1995). "While Rule 11 vests district courts with the discretion to accept or reject plea agreements, the rule does not define the criteria to be applied in doing so." *Id.* "[S]o long as district courts exercise sound judicial discretion in rejecting a tendered plea, Rule 11 is not violated." *Id.*

In the instant case, the Court would be justified in using its discretion to reject the Conditional Plea Agreement for the same reasons outlined above. There was a crucial error in the

---

[3] A corresponding Second Motion to Withdraw Plea and/or, in the Alternative, for Rejection of Plea Agreement will be filed to more fully address Mr. Streett's contention that the plea was not knowing and voluntary.

plea proceedings in that one of the necessary counts is not supported by an independent factual basis. The error resulted in Mr. Streett being misinformed as to the maximum sentence for the offense conduct to which there is an adequate record in the Conditional Plea Agreement and corresponding plea hearing. If Count 11 is included with the possible twenty-year sentence associated with "prepubescent" child pornography, the maximum possible penalty is 190 years. If that is altered to only the lesser-included (i.e. sans "prepubescent"), the maximum possible penalty is 180 years – a difference of more than five percent (5%) in the maximum penalty. When, as is appropriate, Count 11 is excluded in its entirety, the maximum potential penalty falls to 170 years – a difference of more than ten percent (10%).

This large difference should not be ignored by the Court and provides ample justification for rejection of the flawed Conditional Plea Agreement. Mr. Streett requests this Court do so.

WHEREFORE, Defendant Bentley Streett respectfully requests this Court permit him to withdraw his plea and/or to reject the Conditional Plea Agreement entered in this matter.

Respectfully submitted:

ROTHSTEIN DONATELLI LLP

By:   */s/ Paul M. Linnenburger*
PAUL M. LINNENBURGER
500 Fourth Street NW, Suite 400
Albuquerque, NM  87102
Ph:  (505) 243-1443
Fax: (505) 242-7845

*Attorney for Defendant Bentley Streett*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 22nd day of January 2021, I filed this pleading electronically through the CM/ECF system, which caused the following counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Sarah J. Mease
U.S. Attorney's Office
District of New Mexico
201 Third Street NW
Albuquerque, New Mexico 87102

*/s/ Paul M. Linnenburger*
Rothstein Donatelli LLP