IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 14-3609 JB |
| | ) | |
| vs. | ) | |
| | ) | |
| BENTLEY STREETT, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO WITHDRAW GUILTY PLEA OR REJECT PLEA AGREEMENT</u>**

The United States submits this response in opposition to Defendant's First Motion to Withdraw Plea, and/or, in the Alternative, for Rejection of the Plea Agreement. Doc. 239. Defendant asks the Court to allow him to withdraw or reject his entire plea based on his contention that his admission of facts in the plea agreement for Count 11 did not include the term "prepubescent" to describe the minors depicted in the sexually explicit conduct, as charged in the second superseding indictment. The United States urges the Court to deny Defendant's motion because he entered a knowing and voluntary plea, which, pursuant to the terms of the plea agreement, included admissions to all facts contained in the indictment. Even if the Court were to credit Defendant's argument that the written plea agreement contained an error, which the United States does not concede, omission of the term "prepubescent" from the written factual basis for Count 11 in no way prejudices Defendant. That is, removal of the term would serve only to *reduce* the maximum statutory penalty for Count 11 and have no impact on Defendant's sentencing exposure or guideline analysis, given the severity of the other counts of conviction. Finally, Defendant has failed to meet his burden of establishing a fair and just reason for withdrawing his plea. In support of its position, the United States submits the following:

**PROCEDURAL STATEMENT**

1. The United States initiated this case on October 2, 2014, by way of a federal complaint, charging Defendant with multiple child exploitation offenses. Doc. 1.

2. On October 21, 2014, a federal grand jury returned a four-count indictment charging two counts of Coercion and Enticement, in violation of 18 U.S.C. § 2422(b), and two counts of Transfer of Obscene Material to a Minor, in violation of 18 U.S.C. § 1470. Doc. 12.

3. On February 25, 2015, a federal grand jury returned a nine-count superseding indictment, charging Defendant with two counts of Travel to Engage in Illicit Sexual Conduct, in violation of 18 U.S.C. § 2423(b); four counts of Attempted Production of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. §§ 2251(a),(e), and 2256; and three counts of Transfer of Obscene Material to a Minor, in violation of 18 U.S.C. § 1470. Doc. 22.

4. On December 17, 2015, a federal grand jury returned a twelve-count second superseding indictment, charging Defendant with two counts of Travel to Engage in Illicit Sexual Conduct, in violation of 18 U.S.C. § 2423(b); two counts of Production of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. §§ 2251(a), (e), and 2256; two counts of Attempted Production of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. §§ 2251(a), (e), and 2256; one count of Distribution of Visual Depictions of Minors Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. §§ 2252(a)(2), 2252(b)(1), and 2256; two counts of Transfer of Obscene Material to a Minor, in violation of 18 U.S.C. § 1470; and two counts of Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2), and 2256. Doc. 33.

5. On December 7, 2018, Defendant entered a guilty plea to the following counts of the second superseding indictment:

   a. Count 2: Travel to Engage in Illicit Sexual Conduct, in violation of 18 U.S.C. § 2423(b), victim Jane Doe 1;

   b. Count 3: Production of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2251(a), victim John Doe;

   c. Count 4: Production of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2251(a), victim Jane Doe 4;

   d. Count 5: Attempted Production of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2251(a), victim Jane Doe 1;

   e. Count 6: Attempted Production of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2251(a), victim Jane Doe 2;

   f. Count 7: Attempted Production of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2251(a), victim Jane Doe 3;

   g. Count 8: Distribution of Visual Depictions of Minors Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(2); and

   h. Count 11: Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

6. Defendant entered his guilty plea pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Doc. 184. In exchange for Defendant's plea, the United States agreed to recommend a sentence within Defendant's final guideline range as calculated by the Court. *Id.* at ¶ 9(a). Further, the United States agreed to dismiss Counts 1, 9, 10 and 12 following sentencing. *Id.* at ¶ 26(a).

7. As relevant to this response, Count 11 of the Second Superseding Indictment alleged a violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2), which is Possession of Child

Pornography. Doc. 33. The penalty for this offense is up to 10 years' incarceration; however, the statutory scheme proscribes an enhanced penalty of up to 20 years' incarceration if the material possessed depicts prepubescent minors. 18 U.S.C. § 2252A(b)(2). As this fact increases the penalty for a crime beyond the statutory maximum, it must be alleged in the indictment and submitted to the jury. *Apprendi v. New Jersey,* 530 U.S. 466 (2000).

8. The second superseding indictment included the requisite language for the enhancement, charging that Defendant "did knowingly possess a Macintosh Mac Book Pro laptop containing child pornography, that involved prepubescent minors." Doc. 33 at 6. The written plea agreement then not only fully incorporated the indictment by reference, it expressly acknowledged Defendant's admission to any facts alleged in the indictment that increased the statutory maximum penalty:

> Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, th*e United States could prove facts sufficient to establish my guilt of the offense*(s) to which I am pleading guilty beyond a reasonable doubt, *including any facts alleged in the indictment that increase the statutory minimum or maximum penalties.*

Doc. 184 at ¶ 7 (emphasis added). Additionally, the plea agreement identified the penalty for Count 11 as "imprisonment for a period of not more than 20 years" and identified the elements of the offense with inclusion of the language triggering the enhancement. *Id.* at ¶¶ 4(d), 6.

9. During the plea colloquy on December 7, 2018, the United States identified the maximum sentence for Count 11 as 20 years' incarceration, consistent with the information contained in the indictment and plea agreement. Ex. 1 at 16 (Sent. Hrg. Tr., Dec. 7, 2018). Additionally, the United States identified the elements of Count 11 as containing the enhancement for prepubescent minors, again, consistent with the information contained in the indictment and plea agreement. *Id.*

10. Additionally, it is worth noting that the parties had the benefit of a Form 13 Presentence Investigation Report ("PSR") ahead of the plea agreement. Ex. 1 at 19 (defense counsel indicating that Defendant relied on the findings of the Form 13 PSR in reaching a guideline estimate). The Form 13 PSR correctly identified the penalty for Count 11 as 20 years' incarceration, and that same penalty was carried over to the formal PSR released on February 14, 2019, and amended on October 25, 2019. Docs. 188; 198-1.

## DISCUSSION

Defendant asks the Court to allow withdrawal of his guilty plea based on his assertion that the plea to Count 11 was not supported by a sufficient factual basis because the written factual basis did not include the term "prepubescent." Defendant then claims that this so-called "error" "tainted the entire Conditional Plea Agreement." Doc. 239 at 2. The United States submits that Defendant's motion is without merit, as the plea agreement fully incorporated the indictment, and the factual basis submitted for Count 11 articulated each element of a violation of 18 U.S.C. § 2252A(a)(5)(B). Therefore, by pleading to the indictment, Defendant admitted that Count 11 involved a prepubescent minor. Even if the Court considers omission of the term "prepubescent" from the written admission of facts an error, which the United States does not suggest or concede, any error in the exclusion of this language only benefits Defendant and does not warrant rejection of the plea agreement.

### I. **Defendant's Guilty Plea Included Admissions to the Indictment and a Sufficient Factual Basis**

Federal Rule of Criminal Procedure 11 provides: "Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(c)(3). The purpose of this rule is "to ensure the accuracy of the plea through some evidence

that a defendant actually committed the offense." *United States v. Weeks,* 653 F.3d 1188, 1198-99 (10th Cir. 2011) (quoting *United States v. Landeros-Lopez,* 615 F.3d 1260, 1263 (10th Cir. 2010)). However, "nothing in Rule 11(b)(3) restricts a district court's consideration of a factual basis to its plea colloquy with the defendant alone." *Landeros-Lopez,* 615 F.3d at 1263 (citing *United States v. Moran,* 452 F.3d 1167, 1171 (10th Cir.2006)); *see also United States v. Bethany,* 489 F.2d 91 (5th Cir. 1974) (Rule 11 factual basis requirement "does not demand a written, sworn, and filed stipulation of evidence, but only that the court make an inquiry factually precise enough and sufficiently specific to develop that defendant's conduct on the occasions involved was within the ambit of that defined as criminal.") (internal quotations omitted).

Defendant correctly acknowledges that "courts can look to the plea hearing, charging documents, and plea agreements" in determining whether a factual basis exists, but adds, without support, an additional requirement that Defendant must separately acknowledge each fact in addition to his admission to the facts contained in the indictment. Doc. 239 at 6. That is, while Defendant is correct that the record must support a factual basis for the depiction of prepubescent minors, he is incorrect in his assertion that Defendant is required to make additional, separate admissions. In his written plea agreement, Defendant expressly admitted guilt, beyond a reasonable doubt, to the facts in the indictment, including "any facts alleged in the indictment that increase the statutory minimum or maximum penalties." Doc. 184 at ¶ 7. The plea agreement, therefore, incorporates by reference "all facts alleged in the indictment that increase the statutory maximum." That is, by pleading guilty to Count 11 of the indictment, Defendant admitted that Count 11 involved material depicting a prepubescent minor. The fact that the written admission of facts contained in the plea agreement is less specific than the

charging language does not, in any way, undermine Defendant's guilty plea to the language in the indictment.

Even if the Court were to credit Defendant's claim that an additional admission to the fact of "prepubescent" minors is required under Rule 11, the Court should nevertheless deny Defendant's motion because any error is harmless for two reasons. First, "[w]hen the record as a whole demonstrates a sufficient factual basis for a plea, any Rule 11(b)(3) error committed by the district court is harmless." *Landeros-Lopez,* 615 F.3d at 1264 (citing *United States v. Adams,* 961 F.2d 505, 511–13 (5th Cir.1992)). Here, the record, as a whole, demonstrates a sufficient factual basis for Count 11, including a sufficient factual basis for the "prepubescent" requirement to trigger enhanced sentencing. The "prepubescent" enhancement language for Count 11 is included in the indictment, all references to the penalties, the elements of the offense detailed in the plea agreement, and the United States' presentation at the plea colloquy. Second, any error is further harmless because exclusion of the term "prepubescent" would only benefit Defendant by reducing his sentencing exposure for Count 11 from 20 years to 10 years' incarceration.[1] Defendant's attempt to withdraw his entire plea for such an inconsequential reason strongly suggests buyer's remorse. *See, e.g., United States v. Jones*, 168 F.3d 1217, 1220 n.1 (10th Cir. 1999) ("Indeed, the notion that a defendant may withdraw his guilty plea because he later feels that he made a poor decision has been flatly rejected by numerous courts.") (citing *United States v. Rhodes*, 913 F.2d 839, 845-46 (10th Cir. 1990)).

---

[1] It is worth noting that regardless of whether Defendant faces a 10 or 20-year statutory maximum sentence on Count 11, his guideline analysis would remain unchanged. More specifically, Count 11 is grouped with Count 8, resulting in an offense level of 40. Doc. 198-1 at 15. Removal of the two-level enhancement for prepubescent minors, *id.* at ¶ 88, would result in an offense level of 38. It appears the multiple count adjustment would remain unchanged, particularly because Defendant faces a total offense level of 50, before acceptance. *See id.* at ¶¶ 97, 101. Indeed, even the *removal* of Count 11 entirely would have no impact, as the analysis for Count 8, and therefore the entire group, would remain.

7

## II.     Defendant cannot establish a fair and just reason to withdraw his guilty plea.

While the Court can, and should, deny Defendant's motion as contradicted by the oral and written record in this case, denial of the motion is further warranted because Defendant has failed to demonstrate a "fair and just reason" for requesting withdrawal. Fed. R. Crim. P. 11(d); *United States v. Siedlik*, 231 F.3d 744, 748 (10th Cir. 2000). In determining whether Defendant has met this burden, the Tenth Circuit utilizes seven factors for analysis: 1) whether the defendant has asserted his innocence; 2) whether the plea was knowing and voluntary; 3) the quality of the defendant's assistance of counsel; 4) whether the government will be prejudiced if the motion is granted; 5) whether the defendant has delayed in filing the motion; 6) the inconvenience to the court if the motion is granted; and 7) whether the granting of the motion would cause a waste of judicial resources. *See United States v. Black*, 201 F.3d 1296, 1299-1300 (10th Cir. 2000).[2] The first three listed factors carry significant weight because the Court is not required to address the final four factors "unless the defendant establishes a fair and just reason for withdrawing his guilty plea in the first instance." *United States v. Byrum*, 567 F.3d 1255, 1265 (10th Cir. 2009) (quoting *United States v. Hamilton*, 510 F.3d 1209, 1217 (10th Cir. 2007)).

Examination of the *Black* factors[3] demonstrates conclusively that Defendant has not, and cannot, establish a fair and just reason to withdraw his guilty plea. *See Byrum*, 567 F.3d at 1264 (noting its agreement where the district court "determined that [the defendant's] motion filed

---

[2] Although Defendant's motion does not include analysis regarding the Tenth Circuit *Black* factors, it appears to the United States that such analysis is necessary in determining whether Defendant may withdraw his guilty plea. This inquiry also speaks to Defendant's alternative request for relief—rejection of the guilty plea pursuant to Rule 11.

[3] Although in this brief the United States refers to the factors as the "*Black* factors," in the Tenth Circuit the factors are sometimes referred to by different case names, such as the "*Yazzie* factors" or the "*Gordon* factors."

after it had performed a thorough Rule 11 colloquy, after [the defendant] had admitted the facts underlying his offense, and after both parties had negotiated and entered into a plea agreement, would be 'pointless.'"). For these same reasons, Defendant's alternative request for the Court to reject the plea agreement must fail.

A. Examination of the first three *Black* factors

i. *Defendant cannot make a credible claim of innocence.*

The first *Black* factor the Court is to consider in determining whether Defendant has met his burden of proving a fair and just reason for withdrawing his guilty plea is whether he has "present[ed] a *credible* claim of legal innocence. In other words, the defendant must make a *factual argument* that supports a legally cognizable defense." *Hamilton*, 510 F.3d at 1214 (internal citations and quotations omitted) (emphasis in original).

Defendant does not present a claim of legal innocence in his motion to withdraw his plea. As such, this factor does not require extensive analysis. First, in his plea agreement, Defendant admitted that he was "in fact, guilty of the offenses to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct." Doc. 184 at ¶ 7. He admitted "that there is a factual basis for each element of the crime(s) to which the Defendant is pleading guilty." *Id.* at ¶ 8. With respect to Count 11, he admitted that he knowingly possessed child pornography using a facility of interstate and foreign commerce. *Id.* at ¶ 7. Second, during his thorough plea hearing, Defendant admitted under oath that he read the factual basis set forth in his plea agreement, and make specific admissions with respect to each count of conviction, including Count 11. Ex. 1 at 38-39. Like the defendant in *Siedlik*, Defendant "specifically stated that he was guilty and provided detailed accounts of his crimes…." *Siedlik*, 231 F.3d at 749. In short, Defendant cannot make a credible claim of innocence, as "the evidence of his guilt is overwhelming." *United*

*States v. Hernandez*, 277 F. App'x 775, 777 (10th Cir. 2008) (unpublished). Thus, this factor supports denial of Defendant motion.

Further supporting the notion that Defendant has no claim of actual innocence is his failure to assert even a single defect with any of the remaining counts of conviction. The sentencing exposure for the additional counts, particularly Counts 3-7, is significantly more that than the exposure for Count 11.[4] As such, any issue with Count 11 would not impact the remaining counts. *See, e.g., United States v. Still,* 102 F.3d 118, 122-23 (5th Cir. 1996) (finding that the court's failure to inform a defendant of a statutory mandatory minimum for one count, did not require vacatur of the remaining count contained in the plea).

      ii.    *Defendant's guilty plea was knowing and voluntary.*

The Tenth Circuit has held that "[a] plea is valid if it represents a voluntary and intelligent choice among the alternatives open to the defendant." *United States v. Coates*, 483 F. App'x 488, 493 (10th Cir. 2012) (quoting *United States v. Gigley*, 213 F.3d 509, 516 (10th Cir. 2000)). Here, "the record clearly demonstrates that Defendant freely and voluntarily pled guilty before the district court." *Jones*, 168 F.3d at 1220.

In his plea agreement, under the heading "<u>VOLUNTARY PLEA</u>," Defendant represented "this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this plea agreement and any addenda)." Doc. 184 at ¶ 28. Defendant also represented that he was "pleading guilty because the Defendant is in fact guilty." *Id*. During his plea colloquy, the Court twice asked Defendant whether the decision to plead guilty was his own decision:

---

[4] The statutory maximum for Counts 3-7 is a mandatory minimum of 15 years' incarceration, up to 30 years' incarceration. Doc. 198-1 at 2.

10

> Court: And is anyone pressuring you in any way or forcing you to plead guilty?
>
> Defendant: No, ma'am.
>
> Court: Are you pleading guilty voluntarily because you are, in fact, guilty?
>
> Defendant: Yes, ma'am.

Ex. 1 at 30. Later during the colloquy, the Court again inquired:

> Court: And once again, is anyone, anyone at all, forcing you to plead guilty?
>
> Defendant: No, Your Honor.

*Id.* at 41. Satisfied with these responses, the Court then found that Defendant was "fully competent and capable of entering an informed plea. He's aware of the nature of these charges and the consequences of the pleas. These pleas of guilty are knowing, voluntary and they are supported by an independent basis in fact that contains all of the elements on all of these offenses." *Id.* at 41-42. This colloquy indicates that Defendant's plea was a "voluntary and intelligent choice among the alternatives open to the defendant." *Coates*, 483 F. App'x at 493.

Any claim Defendant may now make that his guilty plea was not knowing and voluntary would be overwhelmingly belied by the record. *See Curry,* 750 Fed.App. at 702 (denying motion to withdraw plea where defendant failed to "point[]to anything in the [plea colloquy] that shows he did not understand the [challenged] waiver or that the courts plea colloquy was inadequate."). If Defendant truly believed that his guilty plea was not knowing and voluntary, his time to have made that claim was before he admitted his guilt under oath. *See Jones*, 168 F.3d at 1220 (in affirming denial of motion to withdraw guilty plea, noting, "[i]f Defendant was being coerced into pleading guilty, he should have so stated to the district court."). Indeed, given the quality

11

and nature of the evidence against him, and the clear benefits to Defendant under a plea agreement, pleading guilty was a clear-headed, rational and intelligent choice. Because there can be no reasonable suggestion that Defendant's guilty plea was not knowing and voluntary, this factor, too, supports the Court's decision to deny Defendant's motion.

        iii.      *Defendant received quality assistance of counsel.*

The third *Black* factor for consideration in determining whether Defendant has established a fair and just reason to withdraw his plea is whether Defendant received quality assistance of counsel. At the time of his plea, Defendant was represented by Martin Lopez, III and Harry Zimmerman. In his written plea agreement, Defendant represented that he was "fully satisfied" with his attorney's legal representation. Doc. 184 at ¶1. Throughout the plea hearing, the Court asked Defendant numerous times whether he had discussed matters with his attorneys. *See* Ex. 1 at 4, 19, 20, 22-23, 25, 28, 30. Near the end of the plea colloquy, Defendant unequivocally expressed satisfaction with his attorneys:

> Court:     And are you satisfied with the advice and representation you've received from Mr. Lopez and Mr. Zimmerman?
>
> Defendant:     Yes, Your Honor.
>
> Court:     Any complaints at all?
>
> Defendant:     No, ma'am.

Ex. 1 at 30. "[A] record where [the defendant] expressed satisfaction with his counsel's services," *Byrum*, 567 F.3d at 1265, demonstrates that Defendant received quality representation. As such, this factor also supports denial of Defendant's motion. ,

  B. <u>The remaining four equitable factors do not support withdrawal of Defendant's guilty plea.</u>

Only once a defendant is able to establish a fair and just reason for withdrawal of a guilty plea does the Tenth Circuit typically examine the remaining four *Black* factors in determining whether a district court abused its discretion in denying the motion. *Byrum,* 567 F.3d at 1265; *see also United States v. Gordon*, 4 F.3d 1567, 1572 (10th Cir. 1993) ("[i]t is within the sound discretion of the district court to determine what circumstances justify granting [a motion to withdraw a guilty plea].") (quotation and citation omitted). The remaining factors for consideration are: "whether the government will be prejudiced if the motion is granted; …whether the defendant has delayed in filing the motion; …inconvenience to the court if the motion is granted; [and] whether the granting of the motion would cause a waste of judicial resources." *Siedlik*, 231 F.3d at 749 (citing *Black*, 201 F.3d at 1299-1300).

The first three *Black* factors addressed above individually and collectively weigh against Defendant and indicate he cannot establish a fair and just reason to withdraw his plea. In light of this, the Court "need not address the prejudice to the government, the timing of the defendant's motion, the inconvenience to the court, or the waste of judicial resources factors …." *Byrum*, 567 F.3d at 1265. Although the timing of the motion does not appear to be an issue here,[5] the remaining factors are addressed because they also weigh in favor of denial of Defendant's motion.

---

[5] Motions to withdraw a guilty plea made before sentencing should be considered "carefully and with liberality." *United States v. Hancock,* 607 F.2d 337, 337 (10th Cir. 1979). Even in light of this general rule, "the decision thereon is within the sound discretion of the trial court." *Barker v. United States,* 579 F.2d 1219, 1223 (10th Cir. 1978).

> i. *The government would be prejudiced if Defendant were permitted to withdraw his guilty plea.*

In *Jones*, the Tenth Circuit identified several factors that would be sufficiently prejudicial to the United States to weigh in favor of denying a motion to withdraw a guilty plea: "the presumably difficult task of locating the confidential informants….government personnel will have to disrupt work on current cases and will have to issue additional subpoenas requiring its witnesses to appear at trial. The government will also have to pay the witnesses' travel expenses." *Jones*, 168 F.3d at 1220 (citing *United States v. Carr*, 80 F.3d 413, 420 (10th Cir. 1996)).

While there are no confidential informants who would have testified at trial in this case, if Defendant's motion was granted the United States would be prejudiced as it now would be faced with the difficult task of producing witnesses to offenses that occurred years ago, in 2013 and 2014. The victims in this case reside in various locations across the country, and one victim resides in Canada. Further, expert witnesses would be required to testify regarding the forensic examination and analysis in this case. The agents and prosecutors whose focus had been on this case have been assigned to work on other matters since Defendant pled guilty over two years ago. As in *Jones*, their work would be disrupted if Defendant's motion was granted. And as in *Jones*, the United States would need to issue subpoenas and pay witnesses' travel expenses. There can be no doubt that allowing Defendant to withdraw his guilty plea would cause the government to suffer prejudice. This factor, then, supports the Court's denial of Defendant's motion.

     *ii.* *The Court would be inconvenienced and judicial resources would be wasted.*

  Examination of the remaining two factors indicates the Court would be inconvenienced and judicial resources would be wasted for reasons similar to those that would cause the government to suffer prejudice. For example, if Defendant's motion was granted, the Court would need to disrupt its work and preside over this case, and it would need to have its Probation Office discard the presentence report it had completed and prepare a new one. The Court would also have to consider both the cost and need for expanded staffing for the defense—and the possible need for additional defense staff to have to re-plow ground with Defendant—in order to support a full-blown trial, issues that were rendered moot with Defendant's guilty plea. "When you unnecessarily multiply judicial proceedings to retrace matters that were inquired into exhaustively, that is certainly within the ambit of the waste of judicial resources." *Siedlik*, 231 F.3d at 750. In short, "[t]here can be little doubt that granting Defendant's motion would inconvenience the district court," *Jones*, 168 F.3d at 1221, and waste judicial resources. This factor weighs in favor of the Court's decision to deny Defendant's motion.

**III.** **The United States requests that the Court rule on Defendant's motion without an evidentiary hearing, because Defendant's allegations contradict the record.**

  Finally, the United States asserts there is no need for an evidentiary hearing on Defendant's request to withdraw his guilty plea. *See, e.g., Hernandez*, 277 F. App'x at 777 ("No hearing need be granted when the allegations on a motion to withdraw a guilty plea before sentencing merely contradict the record, are inherently incredible, or are simply conclusory.") (internal quotation omitted); *see also United States v. Aguilar-Lopez*, No. 09CR2962 WJ, Doc. 269 at 2-7 (denying defendant's request for an evidentiary hearing on motion to withdraw his guilty plea because "Defendant's allegations of counsel's lack of performance in explaining the

15

terms of the plea agreement and of the waiver of appellate rights are conclusory and inconsistent with the statements he made during the plea colloquy."). Defendant's guilty plea is supported by a well-developed record, including a written plea agreement and thorough plea colloquy. The record demonstrates that any claims Defendant attempts to assert in an effort to negate the guilty plea he entered under solemn oath, "merely contradict the record, are inherently incredible, or are simply conclusory." *Hernandez*, 277 F. App'x at 777; *see also Aguilar-Lopez,* No. 09CR2962 WJ, Doc. 269 at 7.

## CONCLUSION

For the reasons stated in this filing, the United States urges the Court to deny Defendant's request to withdraw his guilty plea. The United States further urges the Court to deny Defendant's proposed alternative relief and decline to reject the parties' plea agreement.

Respectfully submitted,

FRED J. FEDERICI
Acting United States Attorney

*Electronically filed February 5, 2021*
SARAH J. MEASE
Assistant United States Attorney
P.O. Box 607
Albuquerque, N.M. 87103

I HEREBY CERTIFY that the foregoing
pleading was filed electronically through the
CM/ECF system, which caused counsel of record
for Defendant to be served by electronic means.

*/s/*_____
SARAH J. MEASE
Assistant United States Attorney