IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

                                                                                                                                Case No. 14 CR 3609 JB

        v.

BENTLEY STREETT,

        Defendant.

**UNOPPOSED MOTION TO VACATE SENTENCING
AND FOR STATUS CONFERENCE**

COMES NOW Defendant Bentley Streett, by and through his counsel, Paul M. Linnenburger of Rothstein Donatelli LLP, and respectfully requests the Court to vacate the sentencing hearing in this matter currently scheduled for March 26, 2021, and that the Court set this matter for telephonic status conference as discussed below. In support of thereof, Mr. Streett states as follows:

    1.    On October 3, 2014, Mr. Streett was arrested and charged via Criminal Complaint with violations of 18 U.S.C. §2422(b), §1470 and §2251(a) and (e). (Doc. 1).

    2.    On December 7, 2018, Mr. Streett entered a conditional plea before United States Magistrate Judge Karen B. Monzen. (Doc. 185).

    3.    On February 14, 2019, an initial Presentence Investigation Report was submitted by the United States Probation Office. (Doc. 188).

    4.    On October 25, 2019, a Second Presentence Investigation Report was issued. (Doc. 198).

    5.    On February 4, 2020, prior appointed counsel for Mr. Streett submitted a request to

withdraw from representation in this matter. On June 24, 2020, undersigned counsel was appointed by the Honorable James O. Browning. (Doc. 229).

6. Prior to undersigned counsel's appointment, no substantive sentencing pleadings had been submitted for the Courts consideration, such as formal objections to the presentence report and/or a sentencing memorandum on Defendant's behalf. The presentence report, in its current form, includes a recommended Guideline sentencing range that is extreme, highlighting the need for effective advocating on Mr. Streett's behalf.

7. Upon appointment, undersigned counsel began a thorough review of this case, including all discovery and prior pleadings and hearings, in order to prepare for sentencing and to provide constitutionally appropriate assistance and counsel to Mr. Streett as to sentencing and potential post-plea and/or pre-sentencing proceedings.

8. Undersigned counsel received discovery on August 14, 2020, after unforeseen technical difficulties related thereto were resolved. The discovery in this case is incredibly voluminous. The standard discovery in this case was over 5,000 pages and included numerous search warrants. There were two lengthy interviews of Mr. Streett, and interviews of the Jane Does and John Doe. Moreover, there were over 600 pages of electronic communications and over a thousand pages of phone records, as well as numerous photographs. It was necessary for counsel to conduct a full review of this tremendous amount of discovery materials in order to provide constitutionally appropriate representation and counsel to Mr. Streett. That review required significant time to complete.

9. In addition, it was necessary for undersigned counsel to review the full docket in this case, which spans six years, multiple prior counsel, including several sets of defense lawyers,

and well over 200 entries. Review of the full docket required significant time, in particular due to the substantial briefing and transcripts associated with this case.

10. Based on the review of discovery and the docket, counsel's ethical and constitutional responsibilities required preliminary legal research on background matters in order to provide Mr. Streett with appropriate constitutional representation and counsel post-plea and pre-sentencing concerning potential courses of action in this stage given the unique background of this case.

11. Further, review of the discovery and docket revealed a need to conduct a detailed review of prior counsel's files. During the pandemic, the exchange of files was more complicated logistically. During December 2021, after diligent work by prior and current counsel, undersigned counsel secured several bankers boxes of materials from prior counsel. It was necessary for counsel to review these materials to provide constitutionally appropriate advice to Mr. Street as to potential post-plea and pre-sentencing courses of action.

12. Counsel worked diligently to conduct an appropriate review of this case in order to be in a position to provide Mr. Streett with constitutionally appropriate representation at this crucial stage. That review reasonably took several months to complete after this matter had been pending many years and through multiple prior attorneys. As a result, counsel was not in a position to fully and meaningfully prepare all appropriate sentencing submissions for this Court to review. Counsel required additional time within which to formulate appropriate objections to the presentence report and prepare a comprehensive sentencing memorandum and full sentencing presentation to address all the sentencing factors at issue in this case.

13. On January 25, 2021, counsel filed First Motion to Withdraw Plea, and/or, in the Alternative, for Rejection of Plea Agreement. (Doc. 239). Said Motion indicates the likelihood of

a second motion to withdraw plea, although counsel continues to investigate and research the viability of a second motion.

14. Given the pending Motion to Withdraw Plea, and the possibility of a second such motion and litigation related to the plea, counsel has not been in a position to utilize resources to prepare for sentencing. In part, counsel is seeking to preserve resources in the event that a motion to withdraw plea is granted.

15. Counsel recognizes this Court is directed by Rule 32 of the Federal Rules of Criminal Procedure to proceed to sentencing without unnecessary delay. However, given the unique circumstances outlined above, counsel submits any delay in sentencing at this juncture is necessary and reasonable. It will serve to protect Mr. Streett's right to counsel, right to due process and the fundamental fairness of these proceedings, particularly in light of pending issues concerning the motion to withdraw.

16. For the reasons set forth above, counsel requests this Court vacate the sentencing hearing currently scheduled for March 26, 2021, in order to provide time for the parties and the Court to appropriately address pending and potential issues concerning Defendant's request to withdraw and/or reject the plea.

17. Counsel further requests the Court set this matter for telephonic status conference. The request for status is based on the unique circumstances of this case, including the possibility of a second motion to withdraw, and the need for a ruling on withdrawal of the plea prior to sentencing. Counsel submits that a telephonic conference will assist the parties in scheduling matters to avoid unnecessary reservation of time on the Court's docket and to ensure appropriate briefing and hearing on motions prior to sentencing, if necessary. As it is counsel's intent that the telephonic conference address scheduling matters, counsel submits that it may appropriately be

held off-the-record. However, if any such conference is held, counsel defers to the Court as to the logistics and whether or not the Court wishes the matter to be a part of the record.

18.   Undersigned counsel contacted Assistant United States Attorney Sarah J. Mease concerning this Motion and the relief requested herein, including the request for status conference, and Ms. Mease indicated she has no objection thereto.

WHEREFORE, Defendant Bentley Streett respectfully requests that the Court vacate the sentencing hearing currently scheduled on March 26, 2021, and set this matter for telephonic status conference.

Respectfully submitted:

ROTHSTEIN DONATELLI LLP

By:   */s/ Paul M. Linnenburger*
PAUL M. LINNENBURGER
500 Fourth Street NW, Suite 400
Albuquerque, NM  87102
Ph:   (505) 243-1443
Fax: (505) 242-7845

*Attorney for Defendant Bentley Streett*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 24th day of March, 2021, I filed this pleading electronically through the CM/ECF system, which caused the following counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Sarah J. Mease
U.S. Attorney's Office
District of New Mexico
201 Third Street NW
Albuquerque, New Mexico 87102

*/s/ Paul M. Linnenburger*

Rothstein Donatelli LLP