IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,              )
                                       )
            Plaintiff,                 )
                                       )        Cr. No. 14-3609 JB
      vs.                              )
                                       )
**BENTLEY STREETT**,                   )
                                       )
            Defendant.                 )

## UNITED STATES' NOTICE RELATING TO HEARING ON DEFENDANT'S MOTIONS TO WITHDRAW HIS GUILTY PLEA

The United States submits this notice to alert the Court to several issues likely to be raised at the upcoming hearing on Defendant's motions to withdraw his guilty plea, presently set for May 12, 2021. Doc. 215. In the event Defendant elects to testify at the hearing, the United States will request the Court conduct an inquiry with Defendant relating to the following topics. Defense counsel, Mr. Paul Linnenburger, agrees that such inquiries would be appropriate in the event Defendant elects to testify at the hearing.

### I.     Attorney-Client Privilege

In light of the nature of Defendant's claims submitted in connection with his motions to withdraw his guilty plea, the United States submits that Defendant is necessarily waiving attorney-client privilege. To ensure a clear record on this point, and to allow Defendant's former counsel to speak freely regarding his prior representation of Defendant should he testify as well, the United States requests that the Court inquire whether Defendant is expressly waiving the attorney-client privilege in support of his claims. If Defendant does not expressly waive attorney-client privilege, the United States urges the Court to impose an implied waiver.

A defendant may waive the attorney-client privilege, either expressly or impliedly.

*Blackburn v. Crawfords*, 70 U.S. (3 Wall.) 175, 194, 18 L.Ed. 186 (1865). When a defendant

calls into question the substance of his communications with counsel, the Court may infer a

waiver of the attorney-client privilege. *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974).

> A client has a privilege to keep his conversations with his attorney confidential, but that
> privilege is waived when a client attacks his attorney's competence in giving legal
> advice, puts in issue that advice and ascribes a course of action to his attorney that raises
> the specter of ineffectiveness or incompetence….Surely a client is not free to make
> various allegations of misconduct and incompetence while the attorney's lips are sealed
> by invocation of the attorney-client privilege. Such an incongruous result would be
> inconsistent with the object and purpose of the attorney-client privilege and a patent
> perversion of the rule. When a client calls into public question the competence of his
> attorney, the privilege is waived.

*Id.* (citing *Laughner v. United States*, 373 F.2d 326 (5th Cir. 1967); *Sherman v. United States*,

261 F.Supp. 522, 531 (D.Haw.), aff'd 383 F.2d 837 (9th Cir. 1966); see *Pruitt v. Peyton*, 243

F.Supp. 907 (E.D.Va.1965); *United States v. Butler*, 167 F.Supp. 102 (E.D.Va. 1957), aff'd 260

F.2d 574 (4th Cir. 1958)).

Here, particularly in his second motion, Defendant has moved to withdraw his guilty plea

on the basis that he did not understand the consequences of the plea. Doc. 247. In support of this

claim, Defendant references communications from prior counsel. *Id.* at 5-6. This argument

implicates Defendant's prior privileged communications with his former counsel. To ensure

Defendant understands that he is necessarily waiving this privilege, the United States requests

that the Court conduct an inquiry with Defendant ahead of his testimony, if any. If Defendant

refuses to waive attorney-client privilege, the Court should impose an implied waiver. *United*

*States v. Pinson*, 584 F.3d 972, 977 (10th Cir. 2009) (finding "the implied waiver of attorney-

client privilege . . . arises when a party puts his counsel's advice in issue"); *United States v.*

*Collyard*, 12-CR-00058 SRN (D. Minn. Jan. 8, 2013) (imposing an attorney-client privilege waiver in the context of a motion to withdraw a guilty plea, finding "[d]efendant has waived the attorney-client privilege for all communications with Movant related to his plea agreement.").

## II.     Scope of Prospective Cross Examination of Defendant

In the event Defendant testifies at the hearing on his motions to withdraw his guilty plea, the United States submits that Defendant is inviting a robust cross examination. Federal Rule of Evidence 104(a), which limits the scope of a defendant's cross examination on a "preliminary question" does not apply in this context. *United States v. Burton*, 354 Fed.Appx. 770, 772-73 (4th Cir. 2009) (finding Fed. R. Evid. 104 did not apply to a hearing on a motion to withdraw a guilty plea because it was not a suppression motion or other "preliminary hearing").

Defendant has lodged an "actual innocence" claim as part of his motions to withdraw his guilty plea. Doc. 247 at 11-12. To the extent Defendant persists in this claim, the United States submits that this opens to the door to cross examination on a variety of topics, including the substantive facts of the charged offenses. *Burton,* 354 Fed.Appx. at 722-73 (permitting cross examination of defendant on facts of the case during an evidentiary hearing on motion to withdraw a guilty plea, finding "the issue of whether [defendant] claimed innocence in support of his motion to withdraw his plea was relevant to his reasons for requesting withdrawal…."). In light of this prospective cross examination and the potential negative implications for Defendant, the United States requests that the Court conduct an inquiry with Defendant, on the record, as to whether he has weighed the risks and benefits of testifying at this hearing.

## III.    Federal Rule of Evidence 410 Waiver

Finally, the United States requests that the Court advise Defendant regarding the Federal

Rule of Evidence 410 waiver contained in his plea agreement. Rule 410 provides that a defendant's statements during a guilty plea that is later withdrawn, or a statement made during a plea hearing, is not admissible against a defendant. Fed. R. Evid. 410. Defendant, however, expressly waived application of Rule 410 in his written plea agreement:

> The Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 1 l(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

Doc. 184 at 11.

As this is not an instance where the Court, acting *sua sponte,* elects to reject the guilty plea, Defendant will be bound by his Rule 410 waiver in the event he proceeds to trial. This Court has considered this exact issue in *United States v. Jim,* 10-CR-02653 JB, which was later affirmed by the Tenth Circuit. *United States v. Jim*, 786 F.3d 802 (10th Cir. 2015). In *Jim,* the Tenth Circuit found:

> Indeed, it would make no sense to deny the efficacy of the Rule 410 waiver just because the guilty plea was withdrawn because that would render the waiver largely meaningless and deprive the Government of the benefit of its bargain. The clearly contemplated situation where the Rule 410 waiver would have any usefulness to the Government is in precisely this situation -- where the defendant failed to carry out his side of the bargain to plead guilty and thereby forced the Government to trial.

*Id.* at 809. The United States requests that the Court advise Defendant, on the record, of the potential ramifications resulting from his Rule 410 wavier, in the event the Court rules in his favor on his motions to withdraw his guilty plea.

4

## CONCLUSION

The United States respectfully requests the Court conduct an inquiry with Defendant, on the record, regarding the considerations outlined above.

Respectfully submitted,

FRED J. FEDERICI
Acting United States Attorney

*Electronically filed May 11, 2021*
SARAH J. MEASE
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico   87102
(505) 346-7274

I HEREBY CERTIFY that the foregoing
pleading was filed electronically through the
CM/ECF system, which caused counsel of record
for Defendant to be served by electronic means.

/s/_____
SARAH J. MEASE
Assistant United States Attorney