UNITED STATES DISTRICT COURT, DISTRICT OF NEW MEXICO
# SENTENCING MINUTE SHEET

| | | | |
|---|---|---|---|
| CR No: | CR 14-3609 JB | USA vs.: | Streett |
| Date: | 11/9/2021 | Name of Deft: | Bentley Streett |

| | |
|---|---|
| Before the Honorable: | James O. Browning |
| Time In/Out: | 1:26 pm – 4:01 pm |
| Total Time in Court (for JS10): | 2 Hours, 21 Minutes |
| Clerk: | Lauren Rotonda |
| Court Reporter: | J. Bean |
| AUSA: | Sarah Mease |
| Defendant's Counsel: | Paul Linnenburger (appointed) |
| Sentencing in: | Albuquerque |
| Interpreter: | n/a |
| Probation Officer: | Victoria Loya |
| Interpreter Sworn? | Yes / No |

| Convicted on: | **x** Plea | ☐ Verdict | As to: | ☐ Information | **x** Indictment |
|---|---|---|---|---|---|
| If Plea: | ☐ Accepted | ☐ Not Accepted | Adjudged/Found Guilty on Counts: | | |
| If Plea Agreement: | **x** Accepted | ☐ Not Accepted | ☐ No Plea Agreement | Comments: | |
| Date of Plea/Verdict: | 12/7/2018 | PSR: ☐ Not Disputed | **x** Disputed | **x** Courts adopts PSR Findings | |
| Evidentiary Hrg: | **x** Not Needed | ☐ Needed | Exceptions to PSR: | | |

| **SENTENCE IMPOSED** | Imprisonment (BOP): | As to each of Counts 3 and 4: 180 months, to run concurrently to each other; as to each of Counts 5, 6, and 7: 180 months, to run concurrently to one another, but consecutively to Counts 3 and 4; as to each of Counts 2, 8 and 11: 60 months, to run concurrently to all other counts; for a total term of 360 months (30 years). |
|---|---|---|

| Supervised Release: | As to each count, 10 years, to run concurrently. | Probation: | |
|---|---|---|---|
| REC | ☐ 500-Hour Drug Program | **x** BOP Sex Offender Program | Other: |
| ICE | ☐ Court recommends ICE begin removal proceedings immediately or during service of sentence | | ☐ ICE not applicable |

## SPECIAL CONDITIONS OF SUPERVISION

| | | | |
|---|---|---|---|
| ☐ | No re-entry without legal authorization | ☐ | Home confinement for ___ months ___ days |
| ☐ | Comply with ICE laws and regulation | ☐ | Community service for ___ hours during supervised release. |
| ☐ | Participate in/successfully complete subst abuse program/testing | **x** | Reside halfway house **180** days |
| ☐ | Participate in/successfully complete mental health program | ☐ | Register as sex offender |
| ☐ | Refrain from use/possession of alcohol/intoxicants | ☐ | Participate in sex offender treatment program |
| ☐ | Submit to search of person/property | ☐ | Possess no sexual material |
| ☐ | No contact with victim(s) and/or co-defendant(s) | ☐ | No computer with access to online services |
| ☐ | No entering or loitering near victim's residence | ☐ | No contact with children under 18 years |
| ☐ | Provide financial information | ☐ | No volunteering where children supervised |
| ☐ | Waive right of confidentiality and allow the treatment provider to release treatment records | ☐ | Restricted from occupation with access to children |
| ☐ | Must not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, etc.) that impair your physical or mental functioning, whether or not intended for human consumption. | ☐ | No loitering within 100 feet of school yards |
| ☐ | Must not possess, sell, offer for sale, transport, cause to be transported, cause to affect interstate commerce, import, or export any drug paraphernalia, as defined in 21 U.S.C. 863(d). | ☐ | If defendant is unemployed - Must participate in an educational or vocational services program and follow the rules and regulations of that program |
| **x** | OTHER: | You must undergo a sex offense-specific assessment to determine the level of risk for sexual dangerousness, recidivism, and amenability to treatment and formulate treatment recommendations if treatment is necessary. You may be required to pay all, or a portion of the cost of the assessment.<br><br>You shall waive your right of confidentiality and allow the treatment provider to release treatment records to the probation officer and sign all necessary releases to enable the probation officer to monitor your progress. The probation officer shall disclose the presentence report, any previous sex offender evaluations and/or other pertinent treatment records to the treatment provider. | | |

You are prohibited from viewing or possessing any material that depicts sexually explicit conduct as defined in 18 U.S.C. 2256, including images, books, writings, drawings, video games, or videos depicting actual sexual intercourse. This also includes computer or computer-generated images or pictures, whether made or produced by electronic, mechanical, or other means. Should the sex offense-specific assessment determine this factor is not a risk, then this condition shall not be enforced.

You must not have direct contact with children under the age of 18 years without written approval of the treatment provider in conjunction with the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18 years, including your own children, without the permission of the probation officer in conjunction with the treatment provider, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

You are restricted from engaging in an occupation where you have access to children.

You must not go to or remain within 100 feet of school yards, parks, playgrounds, arcades, or other places used primarily by children under the age of 18 years old.

You must not volunteer for any activities in which you supervise children or adults with mental or physical disabilities.

You must cooperate and comply with the United States Probation Office's Computer Restriction and Monitoring Program (CRMP): You may possess or use a computer(s) (as defined in 18 U.S.C. 1030(e)(1)) or an internet capable device under certain conditions. This is not a prohibition on lawful computer or internet capable device use, but a restriction on the type of computer or internet capable device you may use. First, you must identify to the probation officer your computer or internet capable device(s), data storage device(s), or any other electronic equipment capable of storing, retrieving, and/or accessing data that you possess or use. You will agree to only use the computer or internet capable device(s) you have disclosed to the probation officer. Second, you must allow the installation of monitoring software/hardware on your computer or internet capable device(s), at your expense, and you must refrain from attempting to interfere with the operation of that software/hardware. Periodic searches shall be conducted to determine whether the monitoring software is functioning effectively after installation; and to determine whether there have been attempts to circumvent the monitoring software after installation. You understand that the software will record all activity on your computer or internet capable device(s), and you shall inform any other users that said computer or internet capable device(s) are subject to monitoring. A computer or internet capable device that is not able to be effectively monitored will not be approved for use. Third, you must disclose any username or identification(s) and password(s) for all computer or internet capable devices. Fourth, you must submit to the probation officer, upon request, any cellular or telephone/internet service provider billing records or receipts, to verify that you are not utilizing services that are prohibited.

| Fine: | $ | (not imposed) | | | Restitution: | $ | | |
|---|---|---|---|---|---|---|---|---|
| SPA: | $ | 800 (100 per count) | | Payment Schedule: | x | Due Immediately | | Waived |
| OTHER: | | Defendant is subject to JVTA of 2015, but is indigent and not required to pay assessment. | | | | | | |
| x | Advised of Right to Appeal | | x | Waived Appeal Rights per Plea Agreement (except as to upward departure in sentence) | | | | |
| x | Held in Custody | | | Voluntary Surrender | | | | |
| x | Recommended place(s) of incarceration: | | | FCI Englewood for sex-offender related programming | | | | |
| x | Dismissed Counts: | 1, 9, 10, 12 | | | | | | |

OTHER COMMENTS: 1:26 PM  Court calls case, counsel enter appearances.  Court notes that it issued a Memorandum Opinion and Order as to Defendant's objections.  Defense Counsel indicates no further objections, notes preserving objections.  Defense Counsel states additional exhibits filed this afternoon.  AUSA indicates wishes to move orally for adjustment downward for acceptance of responsibility, will submit Motion and Order to that effect at conclusion of hearing.  Defense Counsel indicates no objection as to same.  1:36 PM  Defense Counsel addresses Court regarding requested sentence and variance.  Defendant allocutes.  2:09 PM  Court invites Defendant to allocute.  Defendant asks to be permitted to speak after government.  AUSA addresses the Court regarding recommended sentence.  2:35 PM  Court queries AUSA regarding recommended sentence.  AUSA responds to Court's queries.  2:42 PM  Defendant allocutes.  2:59 PM  Defendant's mother addresses the Court.  COURT IN RECESS: 3:02 PM  COURT IN SESSION: 3:16 PM  Court states proposed sentence.  Pursuant to Plea Agreement, Defendant forfeits rights, title, and interest in the items noted in paragraph 17.  Counsel indicate no further comment.  Court imposes sentence as stated.  Court addressed Defendant

regarding rights to appeal, notes that Defendant waived some or all of such rights by virtue of Plea Agreement.  Defense Counsel addresses the Court regarding requested place of incarceration.  Probation advises Court that requested facility is appropriate.  Court confirms will make recommendation as to same.  Court recommends incarceration at FCI Englewood for sex-offender related programming.  Court queries counsel as to adequacy of justification, Defense Counsel agrees as to adequacy.  Court addresses Defendant.